*In the United States District Court
for the Northern District of Illinois
Eastern Division*

| | |
|---|---|
| Monica Cruz,<br><br>    plaintiff,<br><br>– v –<br><br>Primary Staffing Inc., an Illinois corporation, and Lansal, Inc., a Massachusetts corporation, d/b/a Hot Mama's, Hot Mama's Foods, and Hot Mama's Natural Foods,<br><br>    defendants. | **Jury trial demanded** |

# Complaint

Plaintiff complains of defendants as follows:

## Nature of action

1.  Plaintiff Monica Cruz, a former employee of defendants, sues to redress the legal and equitable wrongs she suffered when she was sexually harassed, assaulted, and retaliated against for having complained of sexual harassment and assault on the job.

## Parties

2.  Plaintiff is Monica Cruz ("Ms. Cruz").

3.  Defendants are:

    a)  Primary Staffing, Inc., an Illinois corporation, and

    b)  Lansal, Inc., a Massachusetts corporation, d/b/a Hot Mama's, Hot Mama's Foods, and Hot Mama's Natural Foods ("defendant Hot Mama's").

**Supervisor Acosta sexually harasses and assaults Ms. Cruz**

4. Around March 2008, defendant Primary Staffing assigned Ms. Cruz to defendant Hot Mama's as a machine operator.

5. Defendant Hot Mama's thereupon assigned Ramon Acosta to be Ms. Cruz's direct supervisor.

6. After Supervisor Acosta had been Ms. Cruz's boss at defendant Hot Mama's for a few weeks, Supervisor Acosta began asking Ms. Cruz why she did not go out with him and her coworkers on the weekends, to which Ms. Cruz replied she did not want to go out on the weekends.

7. Then around April 2008, as Ms. Cruz was working on the assembly line, Supervisor Acosta came up behind Ms. Cruz and pushed himself into her so that she felt his penis. Supervisor Acosta's pressing his penis into Ms. Cruz caused Ms. Cruz to yell and to ask Supervisor Acosta what he was doing.

8. Then sometime in the summer of 2008, Supervisor Acosta ordered Ms. Cruz to get a product out of the freezer. When Ms. Cruz obeyed this order, Supervisor Acosta followed Ms. Cruz into the freezer, where he would be alone with her.

9. While Supervisor Acosta was alone with Ms. Cruz in the freezer, Supervisor Acosta grabbed and squeezed Ms. Cruz's rear end. Supervisor Acosta's grabbing and squeezing Ms. Cruz's rear end frightened Ms. Cruz, and she ran out of the freezer and reported what had happened to a coworker .

10. Ms. Cruz's coworker told Ms. Cruz that women who had complained of Supervisor Acosta in the past were no longer with the company and that the

company never did anything about Supervisor Acosta's sexual harassment of the women.

11. Around September 2008, when Ms. Cruz was working the line, Supervisor Acosta came up behind Ms. Cruz, grabbed her rear end, and pressed himself into Ms. Cruz so that she felt his penis.

12. Supervisor Acosta's coming up behind Ms. Cruz, grabbing her rear end, and pressing his penis into her greatly upset Ms. Cruz, and she pushed Supervisor Acosta away and told him that she was going to report him.

13. Supervisor Acosta responded that others had complained about what he did, that nothing ever came of the complaints, and that he would do what he wanted.

**Hot Mama's receives Ms. Cruz complaints and fires her**

14. Shortly thereafter, one of defendant's Hot Mama's managers, Liz "Jackie" Rojas, while in defendant Hot Mama's offices, received from Ms. Cruz a complaint that Supervisor Acosta had sexually harassed and assaulted Ms. Cruz three times during her employment with Hot Mama's.

15. Also soon thereafter, defendant Primary Staffing received a telephone call from Ms. Cruz in which it was informed by Ms. Cruz that Supervisor Acosta had sexually harassed and assaulted her three times during her employment with Hot Mama's.

16. A representative of defendant Primary Staffing, Giovanni, the nephew of Primary Staffing's owner, thereupon drove to defendant Hot Mama's where he spoke with Manager Liz "Jackie" Rojas of Hot Mama's.

17.        After Giovanni of defendant Primary Staffing spoke with defendant Hot Mama's manager Rojas, Giovanni told Ms. Cruz that "it would be better" if that day was her last day at Hot Mama's.

**Supervisor Acosta's history of sexually harassing other female employees**

18.        Supervisor Acosta had similarly harassed and assaulted other female employees at defendant Hot Mama's. The allegations of this paragraph are likely to have evidentiary support after a reasonable opportunity for further investigation and/or discovery.

**Defendant Primary Staffing further retaliates against Ms. Cruz**

19.        From approximately 2006 until Ms. Cruz complained of sexual harassment, defendant Primary Staffing had assigned Ms. Cruz to various jobs throughout the Chicago metropolitan area.

20.        Many of the jobs to which defendant Primary Staffing had assigned Ms. Cruz lasted more than 12 months.

21.        Shortly after Ms. Cruz had complained to defendants of sexual harassment and assault, defendant Primary Staffing stopped assigning Ms. Cruz to temporary jobs.

22.        Until Ms. Cruz complained of sexual harassment, defendant Primary Staffing, had also assigned Ms. Cruz's husband to various jobs throughout the Chicago metropolitan area.

23.        Following Ms. Cruz's complaint of sexual harassment, defendant Primary Staffing stopped assigning Ms. Cruz's husband to jobs.

**Damages**

24. As a proximate result of defendants' actions and omissions as pled, Ms. Cruz lost wages, lost employment benefits, suffered pain, and suffered other damages.

**Jurisdiction and Venue**

25. This Court has jurisdiction under §706(f)(3) of Title VII of the Civil Rights Act of 1964, as amended [42 U.S.C. §2000e-5(f)(3)], under §§1331 and 1343 of the Judicial Code [28 U.S.C. §§1331 and 1343] and has supplemental jurisdiction under §1367 of the Judicial Code [28 U.S.C. §1367].

26. The acts and/or omissions complained of occurred in the Northern District of Illinois, Eastern Division. Venue is proper by §1391(b) of the Judicial Code [28 U.S.C. §1391(b)].

## Count I – Sexual Harassment

27. Ms. Cruz realleges paragraphs 1 through 26 of this Complaint.

**Title VII coverage**

28. At all times when defendants employed Ms. Cruz, among other times, defendants were each an "employer" within the definition of §701(b) of Title VII of the Civil Rights Act of 1964 [42 U.S.C. §2000e(b)].

29. At all times when Ms. Cruz was employed by defendants, Ms. Cruz was an "employee" within the definition of §701(f) of Title VII of the Civil Rights Act of 1964 [42 U.S.C. §2000e(f)].

**Fulfillment of conditions precedent**

30. Ms. Cruz has fulfilled all conditions precedent to the filing of this Title VII claim. Copies of Ms. Cruz's EEOC Charge of Discrimination #440-2008-08377 against defendant Hot Mama's and of her EEOC Charge of Discrimination #440-2009-00260 against defendant Primary Staffing are attached to this Complaint as Exhibits A and B respectively. More than 180 days have passed since Ms. Cruz filed those Charges, and she has requested a right to sue letter on each Charge from the Equal Employment Opportunity Commission. A copy of Ms. Cruz's request for the right to sue letters on both Charges is attached to this Complaint as Exhibit C.

**Sexual harassment**

31. Defendants, by the actions and/or omission alleged, discriminated against Ms. Cruz on the basis of her sex in the terms and conditions of her employment.

**Damages**

32. As a proximate result of this discrimination, Ms. Cruz suffered the damages alleged.

33. Defendants discriminated against Ms. Cruz with malice or reckless indifference to her federally protected rights.

34. To deter future malice or reckless indifference to the federally protected rights of employees by defendants and other employers and to punish defendants for their malice or reckless indifference to the federally protected rights of Ms. Cruz, exemplary damages should be awarded.

*Wherefore*, plaintiff Monica Cruz prays for:

a. A settlement conference pursuant to Federal Rule of Civil Procedure 16 to assist her and defendants to settle this case;

b. An Order requiring defendants to post notices concerning their duty to refrain from discriminating against their employees on the basis of sex;

c. An Order enjoining defendants from discriminating against their employees on the basis of sex;

d. Reinstatement to her position (or a comparable position) or, in the alternative, pay for such a position for a reasonable time into the future;

e. Back pay, employment benefits, and other compensation lost to her as a result of defendants discriminating against her on the basis of her sex;

f. Prejudgment interest at the prevailing rate on the award of back pay, lost employment benefits, and other compensation lost to her as a result of defendants discriminating against her on the basis of her sex;

g. Compensatory damages for the harm she suffered as a result of defendants discriminating against her on the basis of her sex;

h. Exemplary damages;

i. Reasonable attorney's fees, expert witness fees, expenses, and costs of this action and of prior administrative actions; and

j. Such other relief as this Court deems just and appropriate.

## Count II – Title VII Retaliation

35. Ms. Cruz realleges paragraphs 27 through 30 of this Complaint.

**Retaliation**

36. Defendants, by the acts and/or omissions alleged, retaliated against Ms. Cruz for opposing sexual harassment in the terms and conditions of her employment in violation of the Title VII of the Civil Rights Act of 1964 and/or for participating in a Charge of Discrimination before the EEOC.

**Damages**

37. As a proximate result of this retaliation, Ms. Cruz suffered the damages alleged.

38. Defendants retaliated against Ms. Cruz with malice or reckless indifference to her federally protected rights.

39. To deter future malice or reckless indifference to the federally protected rights of employees by defendants and other employers and to punish defendants for their malice or reckless indifference to the federally protected rights of Ms. Cruz, exemplary damages should be awarded.

*Wherefore*, Plaintiff Monica Cruz prays for:

    a. A settlement conference pursuant to Federal Rule of Civil Procedure 16 to assist her and defendants to settle this case;

    b. An Order requiring defendants to post notices concerning their duty to refrain from retaliating against their employees in violation of Title VII of the Civil Rights Act of 1964;

    c. An Order enjoining defendants from retaliating against their employees in violation of Title VII of the Civil Rights Act of 1964;

    d.      Reinstatement to her position (or a comparable position) or, in the alternative, pay for such a position for a reasonable time into the future;

    e.      Back pay, employment benefits, and other compensation lost to her as a result of defendants retaliating against her on the basis of her sex;

    f.      Prejudgment interest at the prevailing rate on the award of back pay, lost employment benefits, and other compensation lost to her as a result of defendants retaliating against her for opposing sexual harassment;

    g.      Compensatory damages for the harm she suffered as a result of defendants retaliating against her in violation of Title VII of the Civil Rights Act of 1964;

    h.      Exemplary damages;

    i.      Reasonable attorney's fees, expert witness fees, expenses, and costs of this action and of prior administrative actions; and

    j.      Such other relief as this Court deems just and appropriate.

## Count III - Assault and Battery

40.    Ms. Cruz realleges paragraphs 1 through 26 of this Complaint.

41.    Supervisor Acosta committed intentional acts that placed Ms. Cruz in reasonable apprehension of bodily harm.

42.    Supervisor Acosta committed intentional acts that resulted in a harmful touching of Ms. Cruz.

43. At the time these assaults and/or batteries were committed, Supervisor Acosta was an agent and employee of defendant Hot Mama's and was acting in the scope of his agency and/or employment.

44. As a proximate result of these assaults and batteries, Ms. Cruz suffered pain and other damages.

45. To punish defendant Hot Mama's for these assaults and batteries and to deter future assault and batteries by defendant Hot Mama's and other defendants, exemplary damages should be awarded.

*Wherefore*, plaintiff Monica Cruz prays that this Court enter judgment in her favor and against defendant Lansal, Inc., for:

   a. An amount sufficient to fully and justly compensate her for the damages she suffered,

   b. Exemplary damages,

   c. The costs and expenses of this action, and

   d. Such other relief as this Court deems just and appropriate.

## Count IV – Illinois Gender Violence Act

46. Ms. Cruz realleges paragraphs 1 through 26 of this Complaint.

47. The above alleged acts of violence or physical aggression were committed, at least in part, on the basis of Ms. Cruz's sex.

48. Defendant subjected Ms. Cruz to a physical intrusion or invasion of a sexual nature under coercive conditions.

49. Defendant Hot Mama's, through its agent Supervisor Acosta acting in the scope and/or course of his employment, subjected Ms. Cruz to the threat of acts alleged, causing Ms. Cruz a realistic apprehension that Supervisor Acosta would commit the act.

50. Defendant Hot Mama's, through its agent Supervisor Acosta acting in the scope and/or course of his employment, subjected Ms. Cruz to gender related violence as defined in Section 5 of the Gender Violence Act, 740 ILCS 82/5.

**Wherefore**, plaintiff Monica Cruz prays that this Court enter judgment in her favor and against defendant Lansal, Inc., for:

 a. An amount sufficient to fully and justly compensate her for the damages she suffered,

 b. Exemplary damages,

 c. Reasonable attorney's fees and the costs and expenses of this action, and

 d. Such other relief as this Court deems just and appropriate.

## Count V– Illinois Common-Law Retaliatory Discharge

51. Ms. Cruz realleges paragraphs 1 through 26 of this Complaint.

52. The State of Illinois has a public policy that employees be free from retaliation for complaining about conduct that is potentially and/or colorably in violation of the criminal law of the State of Illinois.

53. The conduct of Supervisor Acosta that Ms. Cruz complained about was potentially and/or colorably in violation of the criminal law of the State of Illinois.

54. Defendants retaliated against Ms. Cruz in violation of this public policy by firing her.

55. To punish defendants for this retaliatory discharge and to deter future retaliatory discharges by defendants and other employers, exemplary damages should be awarded.

**Wherefore**, plaintiff Monica Cruz prays that this Court enter judgment in her favor and against defendant Lansal, Inc. and Primary Staffing, Inc., jointly and severally, for:

    a. An amount sufficient to fully and justly compensate her for the damages she suffered,

    b. Exemplary damages,

    c. The costs and expenses of this action, and

    d. Such other relief as this Court deems just and appropriate.

Monica Cruz<br>
plaintiff,<br><br>
By:   s/David L. Lee<br>
Her attorney

David L. Lee
ARDC #1604422
LAW OFFICES OF DAVID L. LEE
53 W. Jackson Blvd., Suite 505
Chicago, IL 60604
312-347-4400
d-lee@davidleelaw.com