# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 5653 | **DATE** | 3/17/2011 |
| **CASE TITLE** | Monica Cruz vs. Primary Staffing, Inc., et al | | |

**DOCKET ENTRY TEXT**

Defendant Lansal, Inc's motion to dismiss [19] is denied.  Lansal, Inc. has until March 31, 2011 to answer Count III of Cruz's first amended complaint.  A scheduling conference is set for April 12, 2011 at 8:30 a.m.

■[ For further details see text below.]

Notices mailed by Judicial staff.

---

## STATEMENT

Monica Cruz filed a first amended complaint against Primary Staffing, Inc. ("Primary Staffing") and Lansal, Inc., doing business as Hot Mama's ("Hot Mama's"), alleging sexual harassment, Title VII retaliation, state law retaliatory discharge, and violation of the Illinois Gender Violence Act ("IGVA"), 740 Ill. Comp. Stat. 82/1 *et seq*.  Hot Mama's has moved to dismiss Cruz's IGVA claim pursuant to Federal Rule of Civil Procedure 12(b)(6).[1]

    Cruz alleges that Primary Staffing assigned her to work at Hot Mama's as a machine operator in March 2008 under the supervision of Ramon Acosta.  Cruz claims that, in April 2008, Acosta came up behind her while she was working and pushed himself into her so that she felt his penis, causing her to yell and ask Acosta what he was doing.  During the summer of 2008, Acosta allegedly ordered Cruz to get something out of a freezer, followed her into the freezer, and grabbed and squeezed her rear end.  Cruz allegedly told a coworker what happened, only to learn that women who complained of Acosta's similar misconduct no longer worked at Hot Mama's and that Hot Mama's never did anything about Acosta's harassment of female employees.  In September 2008, Acosta allegedly grabbed Cruz again and pressed himself into her so that she could feel his penis.  Cruz contends that Acosta's actions toward her were not isolated incidents and that he had a history of harassment.  In fact, she alleges that, after she told Acosta she would report him after the September 2008 incident, Acosta replied that others had complained, that nothing ever came of the complaints, and that he would continue doing what he wanted.  Cruz alleges that she nonetheless complained to Liz Rojas, one of Hot Mama's managers, and to Primary Staffing about Acosta's sexual harassment.  Soon thereafter, a Primary Staffing representative allegedly met with Rojas and subsequently informed Cruz that it would be better if she did not return to work at Hot Mama's.

    For her IGVA claim, Cruz alleges that through Acosta, who was acting as Hot Mama's agent and in the scope and course of his employment, Hot Mama's subjected Cruz to acts of gender-related violence.  The IGVA provides that any person subject to gender-related violence may bring a civil action for damages against persons who perpetrated the gender-related violence.  740 Ill. Comp. Stat. 82/10.  A person

## STATEMENT

perpetrates violence by either personally committing the violence or personally encouraging or assisting the complained-of gender-related violence. *Id.* Gender-related violence includes acts satisfying the elements of battery committed at least in part on the basis of a person's sex and physical intrusions or invasions of a sexual nature under coercive conditions that satisfy the elements of battery. 740 Ill. Comp. Stat. 82/5.

Hot Mama's first argues that it cannot be held liable for an IGVA violation because Cruz has not sufficiently alleged that Hot Mama's was personally involved in an act of gender-related violence. While Cruz's complaint could be more detailed, she has pleaded facts that lead to an

1. Cruz does not assert a claim under the IGVA against Primary Staffing. Primary Staffing and Hot Mama's have answered the remaining claims.