*In the United States District Court*
*for the Northern District of Illinois*
*Eastern Division*

| | |
|---|---|
| Monica Cruz,<br><br>    plaintiff,<br><br>— v —<br><br>Primary Staffing Inc., an Illinois corporation, and Lansal, Inc., a Massachusetts corporation, d/b/a Hot Mama's, Hot Mama's Foods, and Hot Mama's Natural Foods,<br><br>    defendants. | **10-CV-05653**<br><br>Judge Lefkow<br><br>Magistrate Judge Denlow<br><br>**Jury trial demanded** |

**Plaintiff's Motion to Compel Responses to Interrogatories and to Requests to Inspect, to Overrule Objections to Requests for Admissions, and to Deem Various Facts Admitted**

Pursuant to Federal Rules of Civil Procedure 36(a)(6) and 37, plaintiff moves as follows to compel by a final date certain Responses to Interrogatories and to Requests to Inspect, to overrule objections to Requests for Admissions and require answers by a final date certain, and to deem various facts admitted:

Nature of case and good-faith efforts to resolve issues

1.    This case concerns alleged sexual harassment, retaliation, assault and battery, and violations of the Illinois Gender Violence Act. See First Amended Complaint (doc. #17).

2.    Before bringing this Motion, plaintiff's counsel made sincere attempts to resolve the issues in this Motion without the need of involving Your Honor. See Declaration of David L. Lee (counsel for plaintiff), attached to this Motion as Exhibit A, and correspondence and e-mails between David L. Lee and Jennifer A. Naber (counsel for defendants), attached to this Motion as Exhibit B.

Compelling Answers to Interrogatories and Responses to Requests to Inspect

3. The Interrogatories and Requests to Inspect at issue in this Motion were personally served on defendants' counsel on August 25.[1] See Interrogatories attached to this Motion as Exhibit C at Proof of Service; Requests to Inspect attached to this Motion as Exhibit D at Proof of Service.

4. Pursuant to Federal Rules of Civil Procedure 6, 33, and 34, the due-date for Answers to those Interrogatories and Responses to those Requests to Inspect was September 26.

5. Defendants have been granted the following five extensions to Answer the Interrogatories and to Respond to the Requests to Inspect, either by agreement of counsel or by Your Honor:

| Date granted | New due date | How granted | Citation |
| --- | --- | --- | --- |
| 9/21 | 10/10 | Agreement of counsel | 9/21 e-mails – Ex B. |
| 10/10 | 10/14 | Agreement of counsel | Decl. of D. Lee – Ex A. |
| 10/12 | 11/4 | Order | Order of 10/12 (doc. #37) |
| 12/9 | 12/13 | Agreement of counsel | 12/16 e-mails – Ex B. |
| 12/19 | "next week" | Agreement of counsel | 12/19 e-mails – Ex B. |

6. As of the filing of this Motion, 132 days have passed since the Requests to Inspect and the Interrogatories were served, more than 100 days have passed since the original date they were to be answered, and more than 60 days have passed since the extended due-date Your Honor set in the October 12 Order.

---

[1] All dates in this Motion refer to 2011, unless otherwise indicated.

-2-

7. Defendants should therefore be given a final date certain to Answer Interrogatories and to Respond to Requests to Inspect.

<u>Overruling objections to Requests for Admissions and deeming various facts admitted</u>

8. The only discovery defendants have yet responded to are plaintiff's Requests for Admissions.[2] Defendants' responses to the Requests for Admissions suffer, however, from the following problems: boilerplate objections, failure to conduct a reasonable inquiry, defendants' knowledge differing from each other despite defendants being joint employers who are represented by the same counsel, defendants' supposed inability to understand basic English, and defendants' making unclear denials. The problems are explained in more detail below, and a chart indicating which Responses suffered from which problems is produced at pages 10 - 15, below.

9. <u>Boilerplate objections</u>:

   a. Defendants object to over half of the Requests for Admissions using "the same baseless, often abused litany [of] vague, ambiguous, overly broad, unduly burdensome", etc. <u>Swift v. First USA Bank</u>, 1999 WL 1212561, 1999 U.S. Dist. LEXIS 19474 (N.D. Ill., 98 C 8238, 12/15/1999). Rather than using such boilerplate objections, which are invalid, defendants had the burden of stating actual facts explaining why the particular Request for Admission it was objecting to was "overly

---

[2] The Requests for Admissions are attached to this Motion as Exhibit E. Each defendant responded separately and, on occasion, differently to the Requests for Admissions; defendant Lansal, Inc.'s Responses are attached to this Motion as Exhibit F, and defendant Primary Staffing's Responses are attached to this Motion as Exhibit G.

-3-

    broad", "vague", "not reasonably calculated to lead to the discovery of admissible evidence", etc. See e.g., Swift, supra; Burkybile v. Mitsubishi Motors Corp., 2006 U.S. Dist. Lexis 57892 at *11 -*13, *17 -*19 (N.D. Ill., 04 C 4932, 8/2/2006) (Cole, M.J.); Gile v. United Airlines, Inc., 95 F.3d 492 at 494-496, 499 (7th Cir. 1996).

b.  Defendants' relevancy objections are particularly off the mark. Defendants frequently object that the Requests for Admissions are not relevant to "plaintiff's claims". See e.g., Exhibit F hereto at Response to 3.6 - 3.10, among many others. Defendants' stating their relevancy objections as "plaintiff's claims" ignores that the Requests for Admissions can be relevant not only to that, but also to defendant's defenses, as is shown by Rule 36(a)(1)'s explicit cross-reference to Rule 26(b)(1), which provides that a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense" (emphasis added).

c.  In our case, in response to plaintiff's sexual-harassment claim, defendants' pled among other things, the Faragher/Ellerth affirmative defense. See defendants' Answer (doc. #18), at Affirmative Defense ¶5. Defendants' pleading that Affirmative Defense makes one of the issues in our case whether or not "the employer exercised reasonable care to prevent and correct promptly any sexually harassing behavior." Faragher v. Boca Raton, 524 U.S. 775 at 807 (1998). Therefore, any Request for Admission is relevant if it concerns defendants' affirmative defense that

they allegedly took reasonable care to prevent or rectify sexual harassment.

    d.    Defendants' boilerplate objections (including relevancy) should be overruled, and defendants should be given a final date certain to respond to those Requests for Admissions without objection.

10.    <u>Failure to conduct a reasonable inquiry</u>:

    a.    Federal Rule of Civil Procedure 36(a)(4) permits lack of knowledge or information to be asserted as the reason for failing to admit or deny "<u>only if</u> the party states that it has made reasonable inquiry" (emphasis added). <u>See</u> also, <u>Climco Coils Co. v. Siemens Energy & Automation, Inc.</u>, 2006 U.S. Dist. LEXIS 19796, at *9 - *10 (N.D. Ill., 04 C 50342, 3/28/2006) (Mahoney, MJ).

    b.    Further, Rule 36(a)(4) requires a party claiming lack of knowledge to "state <u>in detail</u> why the answering party cannot truthfully admit or deny" and to state "that the information it knows <u>or can readily obtain</u> is insufficient to enable it to admit or deny" (emphasis added). That requirement of Rule 36(a)(4) means that a Response to a Request for Admission that asserts lack of sufficient knowledge must "explain what specific, if any, reasonable inquiry was made into the matter, and why the information it knows or can readily obtain is insufficient to properly answer [the] Requests." <u>Johnson v. Randle</u>, 2011 U.S. Dist. LEXIS 51373 at *5 (S.D. Ill. 5/13/2011), citing <u>Sommerfield v. City of Chicago</u>, 251 F.R.D. 353 at 356 (N.D. Ill. 2008). In addition, a corporate party cannot "merely rely on [its] lack of personal knowledge when responding

to requests to admit." Loudermilk v. Best Pallet Co., 2009 U.S. Dist. LEXIS 93915 at *2 - *3 (N.D. Ill. 08 C 06869, 10/8/2009) (Mahoney, MJ), citing Lambert v. Owens, 2002 U.S. Dist. LEXIS 14789 at *1 - *2 (N. D. Ill. 8/9/2002) (Mahoney, MJ). That means that defendants had an obligation to interview those within its control (including officers, administrators, employees, etc.), and even to consult third parties. Loudermilk v. Best Pallet Co., supra, at *3 - *4.

    d.    As noted in the chart on pages 10 - 15, below, defendants' Responses to many of the Requests for Admissions violate these requirements of Rule 36(a)(4) by asserting lack of knowledge but failing to state that reasonable inquiry was made and by not explaining the details of any reasonable inquiry. Therefore, those Requests should be deemed admitted.

11.    Defendants' knowledge differing from each other:

    a.    As noted, Rule 36(a)(4) requires "reasonable inquiry", which includes interviewing those within its control and even consulting third parties. See Loudermilk, supra, at *3 - *4.

    b.    In our case, defendants admit that they are joint employers. See Exhibits F and G to this Motion at General Objections ("given the application in this case of joint employer status"). Defendants are also represented by the same counsel.

    c.    If the duty to conduct a "reasonable inquiry" required by Rule 36(1)(4), includes, as Loudermilk noted, interviewing those within a party's control and even third parties, then the duty to conduct a

-6-

        reasonable inquiry should result in joint employers with the same counsel having the same knowledge as to the genuineness of documents and the facts requested to be admitted in Exhibit E. Certainly, the genuineness of a document that was generated by one joint employer is information that is "readily available" for purposes of Rule 36(a)(4) to the other joint employer represented by the same counsel. And the same analysis applies to whether or not facts are true. Defendant's Responses to many of the Requests for Admissions, as noted on the chart at pages 10 - 15, below, violate these requirements of Rule 36(a)(4) by not investigating the knowledge of its co-defendant with which it was a joint-employer. Therefore, those Requests should be deemed admitted.

12. <u>Supposed inability to understand basic English</u>:

    a.    Defendants claim not to understand such basic English words as "defendant's" and "defendant's female employees". <u>See</u> Exhibits F and G at Responses to Requests for Admissions 3.34 - 3.46. This supposed inability to understand basic English continued in the face of plaintiff's counsel's explanation of what such terms meant. <u>See</u> September 16 e-mail from D. Lee to J. Naber, in Exhibit B hereto.

    b.    Defendants' inability to understand basic English is very unlikely and does not accord with the good-faith requirement of Federal Rule of Civil Procedure 36(a)(4).

    c.    As noted in the chart, below, the Requests for Admissions as to which defendants' claimed not to understand basic English were among

        the Requests as to which defendants made boilerplate objections, so defendants should be given a final date certain to respond to those Requests for Admissions using their natural and normal English usage.

13. <u>Unclear denials or rewording the Request</u>

    a.     Responses to Requests for Admissions explicitly carry their own "good-faith" requirement to fairly respond to the substance:

> "A denial [of a Request for Admission] must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest."

<u>See</u> Federal Rule of Civil Procedure 36(a)(4). A response to a Request for Admission should therefore make clear "just what [defendant] is denying and what [defendant] is admitting". <u>Zielinski v. Philadelphia Piers, Inc.</u>, 139 F.Supp. 408 at 412 (E.D. Pa. 1956), <u>quoting</u> Moore's Federal Practice (2nd Ed.) ¶8.23 (Answers to Complaints).

    b.     Defendants use the locution "denies the remaining allegations" in a way that obscures precisely what is being admitted and what is being denied. For example:

> Request for Admission 3.91:
>
> > As of the filing of this lawsuit, Laura Diaz was an owner of Primary Staffing, Inc.
>
> Primary Staffing's Response:
>
> > Primary Staffing admits that Laura Diaz is the sole shareholder of Primary Staffing, Inc. and denies the remaining allegation in Request No. 3.91.

-8-

See Exhibit G hereto at Response to 3.91. The question is, what "additional allegation" is being denied, all the allegations apparently having been admitted. As Judge Shadur observed in the context of an Answer to the Complaint, the locution "denies the remaining allegations"

> "is permissible where the specific responses do not cover all the bases, <u>but it makes no sense where that is not the case</u>".

<u>Vitale v. Blitt & Gaines, P.C.</u>, (N.D. Ill., 08 C 5413, 12/1/2008) (Shadur, J.) attached to this Reply as Exhibit H at *2 - *3 (emphasis added) (Answer to Complaint).

c.     In addition, defendants sometime rephrase a Request for Admission and then admit the Request as rephrased, which obscures precisely what is being admitted and what is being denied. For example:

> Request for Admission 3.17:
>
>> During Ms. Cruz's employment with defendant Lansal, Inc., Ramon Acosta regarded his job title with defendant Lansal, Inc. to be "Floor Supervisor."
>
> Lansal Inc.'s Response:
>
>> Lansal is without knowledge or information sufficient to form a belief as to the truth of the allegations in Request No. 3.17, except that Lansal denies that Acosta was a supervisor with any authority over employees to affect the terms or conditions of their employment, including scheduling work hours, hiring, firing, and/or disciplining.

<u>See</u> Exhibit F hereto at Response to 3.17. The Request, however, was not about whether or not Acosta had the power to hire, fire, etc., but whether

-9-

he regarded his job title to be "Floor Supervisor". Defendant's rewording of the Request has thus obscured what is being admitted and what is being denied.

14. <u>Chart of Requests for Admissions and Responses thereto:</u>[3]

|      | boilerplate objections | failure to conduct inquiry | defendants' knowledge differs | unclear denials | problems with basic English |
|------|:---:|:---:|:---:|:---:|:---:|
| 1    |   | ✔ |   | ✔ |   |
| 2    |   | ✔ | ✔ |   |   |
| 3.1  |   |   |   | ✔ |   |
| 3.2  |   |   |   | ✔ |   |
| 3.3  |   |   |   | ✔ |   |
| 3.4  |   | ✔ (PS only) | ✔ | ✔ |   |
| 3.5  |   |   |   |   |   |
| 3.6  | ✔ | ✔ (PS only) | ✔ | ✔ |   |
| 3.7  | ✔ | ✔ (PS only) |   | ✔ |   |
| 3.8  | ✔ | ✔ (PS only) | ✔ | ✔ |   |
| 3.9  | ✔ | ✔ (PS only) | ✔ | ✔ |   |
| 3.10 | ✔ | ✔ (PS only) | ✔ |   |   |
| 3.11 |   | ✔ (PS only) | ✔ |   |   |
| 3.12 |   | ✔ (PS only) | ✔ | ✔ |   |
| 3.13 | ✔ | ✔ (PS only) | ✔ | ✔ |   |
| 3.14 | ✔ | ✔ (PS only) | ✔ | ✔ |   |
| 3.15 | ✔ | ✔ (PS only) | ✔ | ✔ |   |

---

[3] In this chart, "PS only" means that only defendant Primary Staffing's Response to the Request for Admission suffered from the flaw checked, and "LI only" means that only defendant Lansal, Inc.'s Response to the Request for Admission suffered from the flaw checked.

|      | boilerplate objections | failure to conduct inquiry | defendants' knowledge differs | unclear denials | problems with basic English |
|------|:---:|:---:|:---:|:---:|:---:|
| 3.16 | ✔ | ✔ (PS only) | ✔ |   |   |
| 3.17 |   | ✔ | ✔ | ✔ |   |
| 3.18 | ✔ | ✔ | ✔ | ✔ |   |
| 3.19 | ✔ | ✔ (PS only) | ✔ |   |   |
| 3.20 | ✔ |   |   |   |   |
| 3.21 | ✔ | ✔ (PS only) | ✔ | ✔ |   |
| 3.22 | ✔ | ✔ (PS only) | ✔ | ✔ |   |
| 3.23 | ✔ | ✔ (PS only) | ✔ | ✔ |   |
| 3.24 | ✔ | ✔ (PS only) | ✔ | ✔ |   |
| 3.25 | ✔ | ✔ (PS only) | ✔ | ✔ |   |
| 3.26 | ✔ | ✔ (PS only) | ✔ | ✔ |   |
| 3.27 | ✔ | ✔ (PS only) | ✔ | ✔ |   |
| 3.28 | ✔ | ✔ (PS only) | ✔ | ✔ |   |
| 3.29 | ✔ | ✔ (PS only) | ✔ | ✔ |   |
| 3.30 | ✔ | ✔ (PS only) | ✔ | ✔ |   |
| 3.31 | ✔ | ✔ (PS only) | ✔ | ✔ |   |
| 3.32 | ✔ | ✔ (PS only) | ✔ | ✔ |   |
| 3.33 | ✔ | ✔ (PS only) | ✔ | ✔ |   |
| 3.34 | ✔ | ✔ | ✔ | ✔ | ✔ |
| 3.35 | ✔ | ✔ |   | ✔ | ✔ |
| 3.36 | ✔ | ✔ |   | ✔ | ✔ |
| 3.37 | ✔ | ✔ |   | ✔ | ✔ |
| 3.38 | ✔ | ✔ |   | ✔ | ✔ |
| 3.39 | ✔ | ✔ |   | ✔ | ✔ |
| 3.40 | ✔ | ✔ (PS only) |   | ✔ | ✔ |

|   | boilerplate objections | failure to conduct inquiry | defendants' knowledge differs | unclear denials | problems with basic English |
|---|---|---|---|---|---|
| 3.41 | ✔ | ✔ (PS only) | ✔ | ✔ | ✔ |
| 3.42 | ✔ | ✔ |   | ✔ | ✔ |
| 3.43 | ✔ | ✔ |   | ✔ | ✔ |
| 3.44 | ✔ | ✔ (PS only) | ✔ | ✔ | ✔ |
| 3.45 | ✔ | ✔ (PS only) | ✔ | ✔ | ✔ |
| 3.46 | ✔ |   | ✔ | ✔ | ✔ |
| 3.47 |   |   |   |   |   |
| 3.48 |   |   |   |   |   |
| 3.49 |   |   |   |   |   |
| 3.50 |   |   |   |   |   |
| 3.51 |   | ✔ (PS only) | ✔ | ✔ |   |
| 3.52 |   | ✔ (PS only) | ✔ | ✔ |   |
| 3.53 |   | ✔ (PS only) | ✔ |   |   |
| 3.54 |   | ✔ (PS only) | ✔ | ✔ |   |
| 3.55 |   | ✔ (PS only) | ✔ |   |   |
| 3.56 | ✔ | ✔ (PS only) | ✔ | ✔ |   |
| 3.57 | ✔ | ✔ (PS only) | ✔ | ✔ |   |
| 3.58 | ✔ | ✔ (PS only) | ✔ | ✔ |   |
| 3.59 | ✔ | ✔ (PS only) | ✔ | ✔ |   |
| 3.60 | ✔ | ✔ (PS only) | ✔ | ✔ |   |
| 3.61 | ✔ | ✔ (PS only) | ✔ | ✔ |   |
| 3.62 | ✔ | ✔ (PS only) | ✔ | ✔ |   |
| 3.63 | ✔ | ✔ (PS only) | ✔ | ✔ |   |
| 3.64 | ✔ | ✔ (PS only) | ✔ | ✔ |   |
| 3.65 | ✔ | ✔ (PS only) | ✔ | ✔ |   |

|      | boilerplate objections | failure to conduct inquiry | defendants' knowledge differs | unclear denials | problems with basic English |
|------|------|------|------|------|------|
| 3.66 | ✔ | ✔ (PS only) | ✔ | ✔ | |
| 3.67 | ✔ | ✔ (PS only) | ✔ | ✔ | |
| 3.68 | ✔ | ✔ (PS only) | ✔ | ✔ | |
| 3.69 | ✔ | ✔ (PS only) | ✔ | ✔ | |
| 3.70 | ✔ | ✔ (PS only) | ✔ | ✔ | |
| 3.71 | ✔ | ✔ (PS only) | ✔ | ✔ | |
| 3.72 | ✔ | ✔ (PS only) | ✔ | ✔ | |
| 3.73 | ✔ | ✔ (PS only) | ✔ | ✔ | |
| 3.74 | ✔ | ✔ (PS only) | ✔ | ✔ | |
| 3.75 | ✔ | ✔ (PS only) | ✔ | ✔ | |
| 3.76 | ✔ | ✔ (PS only) | ✔ | ✔ | |
| 3.77 | | | | | |
| 3.78 | | | | | |
| 3.79 | | | | | |
| 3.80 | | ✔ | | | |
| 3.81 | | ✔ (PS only) | ✔ | | |
| 3.82 | | ✔ (PS only) | ✔ | | |
| 3.83 | | ✔ (PS only) | ✔ | | |
| 3.84 | | ✔ (PS only) | ✔ | | |
| 3.85 | | ✔ (PS only) | ✔ | | |
| 3.86 | | | | | |
| 3.87 | | ✔ (LI only) | ✔ | | |
| 3.88 | | ✔ (LI only) | ✔ | | |
| 3.89 | | ✔ (LI only) | ✔ | | |
| 3.90 | | | | | |

|  | boilerplate objections | failure to conduct inquiry | defendants' knowledge differs | unclear denials | problems with basic English |
|---|---|---|---|---|---|
| 3.91 |  | ✔ (LI only) | ✔ | ✔ |  |
| 3.92 | ✔ | ✔ (LI only) | ✔ | ✔ |  |
| 3.93 | ✔ | ✔ (LI only) | ✔ |  |  |
| 3.94 | ✔ | ✔ (LI only) | ✔ |  |  |
| 3.95 | ✔ | ✔ (LI only) | ✔ |  |  |
| 3.96 | ✔ | ✔ (LI only) | ✔ |  |  |
| 3.97 | ✔ | ✔ (LI only) | ✔ |  |  |
| 3.98 | ✔ | ✔ (LI only) | ✔ |  |  |
| 3.99 | ✔ | ✔ (LI only) | ✔ |  |  |
| 3.100 |  | ✔ (LI only) | ✔ |  |  |
| 3.101 |  | ✔ (LI only) | ✔ |  |  |
| 3.102 |  |  |  |  |  |
| 3.103 | ✔ |  |  | ✔ |  |
| 3.104 | ✔ |  | ✔ |  |  |
| 3.105 | ✔ |  |  |  |  |
| 3.106 |  | ✔ (LI only) | ✔ |  |  |
| 3.107 |  |  |  |  |  |
| 3.108 |  |  |  |  |  |
| 3.109 |  |  |  |  |  |
| 3.110 |  |  |  |  |  |
| 3.111 |  | ✔ (LI only) | ✔ |  |  |
| 3.112 |  |  |  |  |  |
| 3.113 |  |  |  |  |  |
| 3.114 |  |  |  |  |  |
| 3.115 |  |  |  |  |  |

|       | boilerplate objections | failure to conduct inquiry | defendants' knowledge differs | unclear denials | problems with basic English |
|-------|------------------------|----------------------------|-------------------------------|-----------------|-----------------------------|
| 3.116 |                        |                            |                               |                 |                             |
| 3.117 |                        |                            |                               |                 |                             |
| 3.118 | ✔                      |                            |                               | ✔               |                             |
| 3.119 |                        | ✔ (LI only)                | ✔                             |                 |                             |

*Wherefore*, plaintiff moves that defendants be compelled by a final date certain to answer Interrogatories and to Respond to Requests to Inspect, that defendants' objections to Requests for Admissions 3.6 - 3.10, 3.13 - 3.16, 3.18 - 3.46, 3.56 - 3.76, 3.92 - 3.99, 3.103 - 3.105, and 3.118 be overruled with a final date certain to respond to those Requests, and that Requests for Admissions 1, 2, 3.1 - 3.4, 3.11, 3.12, 3.17, 3.51 - 3.55, 3.80 - 3.85, 3.87 - 3.89, 3.91, 3.100, 3.101, 3.106, 3.111, and 3.119 be deemed admitted.

Monica Cruz,
Plaintiff,

By:   s/David L. Lee
Her attorney

**Proof of service**:  David L. Lee, an attorney, certifies that this Motion was served on defendant's attorney by ECF on January 3, 2012.

  s/David L. Lee
David L. Lee

David L. Lee, ARDC #1604422
LAW OFFICES OF DAVID L. LEE
53 W. Jackson Blvd., Suite 505
Chicago, IL  60604
312-347-4400
d-lee@davidleelaw.com