# Exhibit B

# Correspondence between counsel

Exhibit B



David Lee <d-lee@davidleelaw.com>

# Cruz v. Hot Mama's and Primary Staffing: various discovery issues and Jane Doe Protective Order

1 message

**David Lee <d-lee@davidleelaw.com>**      Fri, Sep 16, 2011 at 8:18 PM
To: "Naber, Jennifer" <jnaber@lanermuchin.com>
Cc: Legal Staff <staff@davidleelaw.com>, Alejandro Caffarelli <a.caffarelli@caffarelli.com>

Dear Jennifer,

I hereby acknowledge receipt today of your e-mail with Primary Staffing's Interrogatories and Document Requests. I'd appreciate your e-mailing word-processing versions of the same. (WordPerfect is preferable, but we can work with Word, too.) Please let me know if you would like us to e-mail you word-processing versions of our discovery requests and, if you would, what word-processing format you prefer.

Our discovery requests (except for the Notices of Deposition, which were hand-delivered today) were hand-delivered to your law firm's receptionist on August 25. I hope you received them back then.

The discovery requests are directed at both defendants, except where otherwise indicated (e.g., Request to Inspect 1 is expressly directed to Lansal, Inc., Request to Inspect 2 is expressly directed to Primary Staffing). Because your clients filed a joint Answer to the Amended Complaint, serving discovery requests on them jointly seemed appropriate.

Please let me know whether or not your clients will stipulate to modify the Jane Doe Protective Order as per my earlier e-mails. If I don't hear from you in the next couple of days, we'll bring a Motion in the Jane Doe case to do that.

David


On Fri, Sep 16, 2011 at 10:47 AM, Naber, Jennifer <jnaber@lanermuchin.com> wrote:
> David:
>
> I am in receipt of your discovery requests, but you failed to indicate which defendant the requests are directed to. Would you please clarify, because this is particularly a problem with respect to the Requests to Admit. Thank you.
>
> ### Jennifer A. Naber
> jnaber@lanermuchin.com
> Laner, Muchin, Dombrow, Becker,
>   Levin and Tominberg, Ltd.
> 515 North State Street, Suite 2800
> Chicago, IL 60654-4688
> Telephone: (312) 467-9800
> Facsimile: (312) 467-9479
>
> PRIVILEGED AND CONFIDENTIAL INFORMATION
> *This transmission may contain information that is privileged, confidential and exempt from disclosure under*



David Lee <d-lee@davidleelaw.com>

# Cruz v. Primary Staffing

**David Lee <d-lee@davidleelaw.com>**      Wed, Sep 21, 2011 at 5:27 PM
To: "Naber, Jennifer" <jnaber@lanermuchin.com>

That's fine.

David

On Wed, Sep 21, 2011 at 3:59 PM, Naber, Jennifer <jnaber@lanermuchin.com> wrote:
> David:
>
> According to my calculation, Defendants' discovery responses to Plaintiff's Interrogatories, Requests for Production and Request for Admissions are due on Monday, September 26, 2011. I would appreciate your cooperation to stipulate, pursuant to Fed. R. Civ. P. 29, that Defendants be allowed an additional two weeks to respond, until October 10. Please let me know whether you are agreeable to that extension. Thank you.
>
> ### Jennifer A. Naber
> jnaber@lanermuchin.com
> *Laner, Muchin, Dombrow, Becker,*
>    *Levin and Tominberg, Ltd.*
> *515 North State Street, Suite 2800*
> *Chicago, IL 60654-4688*
> *Telephone: (312) 467-9800*
> *Facsimile: (312) 467-9479*
>
> PRIVILEGED AND CONFIDENTIAL INFORMATION
> This transmission may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or use of the information contained herein (including any reliance thereon) is STRICTLY PROHIBITED.
>
> If you received this transmission in error, please contact the sender and delete the material from any computer immediately. Thank you.

# Law Offices of David L. Lee

53 W. Jackson Blvd., Suite 505
Chicago, Illinois 60604-3437
Voice: 312-347-4400
Fax: 312-347-3272
staff@davidleelaw.com

David L. Lee, Attorney at Law

Marikka Pretz-Anderson, Senior Law Clerk

Gillian Stoddard Leatherberry, Law Clerk

December 6, 2011

Jennifer A. Naber, Esq.
Laner, Muchin, Dombrow, Becker, Levin and Tominberg, Ltd.
515 N. State Street, Suite 2800
Chicago, IL 60654-4688
***By e-mail to jnaber@lanermuchin.com***

> re: Cruz v. Primary Staffing and Hot Mama's Foods
> #10-cv-05653

Dear Jennifer,

  This letter concerns defendants' discovery responses. I am available to discuss the matters raised in this letter immediately after Ms. Cruz's deposition tomorrow, Thursday late afternoon, or Friday morning.

### 30(b)(6) depositions of defendants

  Notices of these depositions were personally served on your office on September 16; those Notices scheduled the depositions for October 17. The depositions were postponed because defendants had not yet answered the Interrogatories nor responded to the Document Requests. We need to reschedule these depositions immediately because of the imminent discovery cut-off.

### Defendants' overdue Answers to Interrogatories and Responses to Document Requests

  Interrogatories and Requests to Inspect were personally served on your office on August 25. I gave defendants several extensions to respond, after which Judge Lefkow issued an order extending the time to respond to November 4. Over a month has gone by since the deadline set by Judge Lefkow and over three months since these discovery requests were served, and we still have not received defendants' responses. Please send me defendants' responses immediately, as I need them in sufficient time to prepare for the depositions.

### Responses to Requests for Admissions

- Supposed inability to understand basic English vocabulary:

    Defendants claim not to understand such basic English words as "defendant's" (see, defendants' Response to virtually every Request for

Jennifer A. Naber, Esq.
Laner, Muchin
December 6, 2011
p. 2

> Admission) and "defendant's female employees" (see, defendants' Response to Requests for Admissions 3.34 - 3.46). This inability to understand basic English is obviously very unlikely and does not accord with Federal Rule of Civil Procedure 36(a)(4)'s commands to "fairly respond" and to act in "good faith". Please interpret these Requests for Admissions using normal and natural English usage and answer them.

- Boilerplate objections:

> Defendants assert to virtually every single Request for Admission a litany of boilerplate objections, such as allegedly "vague and ambiguous", "overly broad", etc. Such boilerplate objections are invalid; rather than using boilerplate, defendants had to state facts explaining why each particular Request for Admission it was objecting to was "overly broad", "vague", etc. That burden cannot be met by a reflexive invocation of "the same baseless, often abused litany" that the requested discovery is "vague, ambiguous, overly broad, unduly burdensome." Swift v. First USA Bank, 1999 U.S. Dist. LEXIS 19474 (N.D. Ill. 12/15/1999). See also, Gile v. United Airlines, Inc., 95 F.3d 492 at 495 (7th Cir. 1996). Please withdraw these boilerplate objections and answer the Requests for Admissions.

- Supposed lack of knowledge without reasonable inquiry:

> Federal Rule of Civil Procedure 36(a)(4) states, in part, that when a request "is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it"; that Rule also states that defendants "may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny." However, defendants' Responses to Requests for Admissions 1, 2, 3.17, 3.18, 3.34 - 3.39, 3.42, 3.43, 3.80, 3.87 - 3.89, 3.91- 3.101, 3.106, 3.111, and 3.119 violate this rule by asserting lack of knowledge but failing to assert reasonable inquiry. See, Climco Coils Co. v. Siemens Energy & Automation, Inc., 2006 U.S. Dist. LEXIS 19796, at 16 (N.D. Ill. #04 C 50342, 3/28/2006). Please either answers these Requests for Admissions or explain the details of defendants supposed reasonable inquiry.

Jennifer A. Naber, Esq.
Laner, Muchin
December 6, 2011
p. 3

- Denials that don't fairly respond to the substance:

    Rule 36(a)(4) further requires that a "denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest." Defendants' Responses to Requests for Admissions 3.1 - 3.3, 3.5, 3.26, 3.42, 3.44, 3.56 - 3.61, and 3.66, (where defendant denies the remaining allegations, but there appear to be no remaining allegations), and 3.51, 3.52, and 3.54 (unclear which elements denied) do not do this. Please respond fairly to these Requests for Admissions.

- Re-wording of Requests for Admissions:

    Defendants re-word, but do not deny, Requests for Admissions 3.4, 3.5, 3.12, and 3.21. It is our position that these responses are admissions, and we will treat them as such in the remainder of the litigation.

    Similarly, defendants re-word and then deny Requests for Admissions Nos. 3.14 and 3.15. Ms. Cruz's position that the re-wording is irrelevant, and that these Requests have been denied, with concomitant attorneys' fees and costs should we prove these Requests at trial. Finally, defendants re-word and admit or do not directly deny Requests for Admissions 3.22 - 3.32, 3.43 3.45, 3.61 - 3.65, 3.81, and 3.82. Please respond to these Requests for Admissions without re-wording the Requests.

- Supposed irrelevancy:

    Defendants object to about 60% of the Requests for Admissions as supposedly "not reasonably calculated to lead to the discovery of admissible evidence." Rule 36(a)(1) specifically borrows the scope of discovery from Rule 26(b)(1), which provides that a party may obtain discovery regarding any matter relevant to the subject matter of the action and that the information sought need not be admissible at the trial if it appears reasonably calculated to lead to the discovery of admissible information. Therefore, please withdraw the relevancy objection as to Requests for Admissions 3.6 - 3.10, 3.13 - 3.16, 3.21 - 3.49, 3.56 - 3.76, 3.86, 3.92 - 3.99, 3.103 - 3.105, and 3.118 and answer those Requests.

Jennifer A. Naber, Esq.
Laner, Muchin
December 6, 2011
p. 4

       Several of the requests defendants objected to relate to the immigration status of various employees (3.48, 3.47, and 3.48). Immigration status is relevant to show that these witnesses are in a precarious situation and, therefore, have a substantial interest in not complaining of sexual harassment and a substantial interest in not supporting other employees' claims of sexual harassment as compared to employees who are authorized to work in the United States. Further, Request No. 3.86 only speaks generally about immigration status and therefore is not burdensome and does not create a chilling effect on any employee. Please withdraw these objections and answer those Requests.

- Jane Doe Matter:

       Finally, defendants object to Requests for Admissions 3.6 - 3.10, 3.16, 3.19, and 3.20 based on the Protective Order in Jane Doe v. Lansal, Inc. d/b/a/ Hot Mama's, #08 C 5983. The Jane Doe protective order is immaterial, because the Requests for Admissions are issued in Ms. Cruz's case, are relevant in Ms. Cruz's case to show defendant's pattern and practice that would, for example, negate any asserted Faragher/Ellerth affirmative defense, and are independent of any process in the Jane Doe case. Further, defendants allege that they would seek a protective order and have done no such thing. Please withdraw these objections and answers these Requests for Admissions.

    As you know, if Judge Lefkow agrees that defendants have not complied with Rule 36, she may order either that the matter is admitted or that an amended answer be served and award expenses pursuant to 36(a)(6).

                                  Very truly yours,

                                  David L. Lee

DLL/me



David Lee <d-lee@davidleelaw.com>

# Cruz v. Lansal: your discovery responses overdue

**David Lee <d-lee@davidleelaw.com>**  Mon, Dec 19, 2011 at 10:07 PM
To: "Naber, Jennifer" <jnaber@lanermuchin.com>
Cc: Legal Staff <staff@davidleelaw.com>

Dear Jennifer:

In response to your question, we will not be moving for a Protective Order on the subpoenas. If and when you serve the subpoenas, please serve copies on me.

When next week do you expect to serve me with Answers to my Interrogatories, serve me with Responses to my Requests to Inspect Premises and Documents, and produce your documents? Also, what would be a good time for us to discuss the concerns I wrote you about your Responses to the Requests for Admissions?. Finally, please send me some convenient dates and times for the inspection of premises and the 30(b)(6) depositions of your clients. Of course, before I take those 30(b)(6) depositions, I need to have received full answers to written discovery, to have received your document production, and to have inspected the premises.

David

On Mon, Dec 19, 2011 at 12:44 PM, Naber, Jennifer <jnaber@lanermuchin.com> wrote:

> David:
>
> I will not be able to provide you responses by today, but will do so by next week. Given that you obtained a significant extension on discovery, this should not be an issue for you.
>
> In addition, because you have not filed a protective order on the subpoenas, I am assuming that you will not be doing so and will be sending out the subpoenas. Thank you.
>
> **From:** David Lee [mailto:d-lee@davidleelaw.com]
> **Sent:** Friday, December 16, 2011 8:54 AM
> **To:** Naber, Jennifer
> **Cc:** Legal Staff
> **Subject:** Cruz v. Lansal: your discovery responses overdue
>
> Dear Jennifer,
>
> When we had our discovery conference by phone a week ago today, you said that you'd have your Answers to Interrogatories and Responses to Requests to Inspect Premises and Documents to me by "Monday or Tuesday". You also said that you'd review my concerns with your Responses to the Requests for Admissions and get back to me.

"Monday or Tuesday" is now several days in the past. Unless I receive by the close of business on Monday, December 19, Answers to Interrogatories, Responses to Requests to Inspect Premises and Documents, and valid Responses to Requests for Admissions, I will assume that we are at impasse on all that and proceed to file a Motion to Compel.

David

--

Law Offices of David L. Lee

53 W. Jackson, Suite 505

Chicago, IL 60604

Voice: 312-347-4400

Fax: 312-347-3272

*** Please email "staff@davidleelaw.com" on all case-related matters ***

--
Law Offices of David L. Lee
53 W. Jackson, Suite 505
Chicago, IL 60604
Voice: 312-347-4400
Fax: 312-347-3272

*** Please email "staff@davidleelaw.com" on all case-related matters ***