# Exhibit F

# Lansal Inc.'s Responses to Requests for Admissions

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| MONICA CRUZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.  10C05653 |
| | ) | |
| PRIMARY STAFFING, INC., an Illinois | ) | Judge Lefkow |
| corporation, and LANSAL, INC., a | ) | |
| Massachusetts corporation, d/b/a HOT | ) | Magistrate Judge Denlow |
| MAMA'S, HOT MAMA'S FOODS, and HOT | ) | |
| MAMA'S NATURAL FOODS, | ) | |
| | ) | |
| Defendants. | ) | |

### LANSAL, INC.'S OBJECTIONS AND RESPONSES
### TO PLAINTIFF'S REQUESTS FOR ADMISSIONS

Defendant, Lansal, Inc. (Lansal"), d/b/a Hot Mama's, Hot Mama's Foods, and Hot Mama's Natural Foods, by its attorneys, provides the following objections and responses to Plaintiff's Requests for Admissions as follows:

### GENERAL OBJECTION

Defendant Lansal generally objects to these Requests for Admissions on the grounds that the Requests are vague and confusing in that Plaintiff served only one set of Requests on both Defendants and such Requests may be misleading in the use of the terms "defendant's", "Defendant Lansal's employees" and "Defendant Primary Staffing's employees," especially given the application in this case of joint employer status. Therefore, for purposes of interpreting the request and providing a response, Lansal assumes that the term "defendant's" refers to the responding Defendant, the term "Defendant Lansal's employees" or words to that effect refer to employees directly hired by Lansal, and the term "Defendant Primary Staffing's employees" or

words to that effect refer to employees hired by Primary Staffing and assigned to work at Lansal as temporary employees.

## REQUEST NO. 1:

Each of the following documents previously provided in this litigation as an Exhibit to the Amended Complaint is a true copy (except for a possible change in color, size, or double-sided printing) of a genuine original:

| Exhibit | Description |
|---|---|
| A | Charge of Discrimination against Hot Mama's |
| B | Charge of Discrimination against Primary Staffing |
| C | Notice of Right to Sue for Charge against Hot Mama's |
| D | Notice of Right to Sue for Charge against Primary Staffing |

### RESPONSE:

Lansal admits that the above listed documents were previously provided as Exhibits attached to Plaintiff's Amended Complaint and that Exhibits A and C are true and accurate copies of the same documents that Lansal received from the Equal Employment Opportunity Commission ("EEOC"). Lansal is without information or knowledge sufficient to form a belief as to the truth of whether any of these documents are true copies of the originals in that Lansal has never seen the originals of the documents listed above.

## REQUEST NO. 2:

Each of the following documents attached as an Exhibit to these Requests for Admissions is a true copy (except for a possible change in color, size, or double-sided printing) of a genuine original:

| Exhibit | Description |
|---|---|
| 1 | Paycheck Stub for "Wk 5/10/2008" |
| 2 | Paycheck Stub for "Wk 5/24/2008" |
| 3 | Paycheck Stub for "Wk 5/24/2008 Bonus" |
| 4 | Paycheck Stub for "Wk 5/31/2008" |
| 5 | Paycheck Stub for "Wk 6/7/2008" |
| 6 | Paycheck Stub for "Wk 6/14/2008" |
| 7 | Paycheck Stub for "Wk 6/21/2008" |
| 8 | Paycheck Stub for "Wk 6/28/2008" |
| 9 | Paycheck Stub for "Wk 7/5/2008" |
| 10 | Paycheck Stub for "Wk 7/12/2008" |

2

| | |
|---|---|
| 11 | Paycheck Stub for "Wk 7/19/2008" |
| 12 | Paycheck Stub for "Wk 7/26/2008" |
| 13 | Paycheck Stub for "Wk 8/2/2008" |
| 14 | Paycheck Stub for "Wk 8/16/2008" |
| 15 | Paycheck Stub for "Wk 8/23/2008" |
| 16 | Paycheck Stub for "Wk 8/30/2008" |
| 17 | Paycheck Stub for "Wk 9/6/2008" |
| 18 | Hot Mama's 10/30/2008 Statement to the EEOC |
| 19 | 10/15/08 Intake Interview from LR1 |

**RESPONSE:**

Lansal admits that Exhibit 18 is a true and accurate copy of the original, except for the redactions and other markings. Lansal is without information or knowledge sufficient to a form a belief as to the genuineness of the remaining Exhibits.

**REQUEST NO. 3:**

The truth of each of the following statements:

**REQUEST NO. 3.1:**

From March 2008 through the termination of Ms. Cruz's employment, among other times, Ms. Cruz was an "employee" of defendant Lansal, Inc. within the definition of §701(f) of Title VII of the Civil Rights Act of 1964 [42 U.S.C. §2000e(f)].

**RESPONSE:**

Lansal admits that, for the period of time from some time in May 2008 through on or about September 5, 2008, Plaintiff was an employee of Lansal as defined in Title VII. Lansal denies that either Defendant terminated Plaintiff's employment and further denies the remaining allegations in Request 3.1.

**REQUEST NO. 3.2:**

From March 2008 through the termination of Ms. Cruz's employment, among other times, defendant Lansal, Inc. was an "employer" within the definition of §701(b) of Title VII of the Civil Rights Act of 1964 [42 U.S.C. §2000e(b)].

3

**RESPONSE:**

Lansal admits that, for the period of time from some time in May 2008 through on or about September 5, 2008, Lansal was an employer as defined in Title VII. Lansal denies that either Defendant terminated Plaintiff's employment and further denies the remaining allegations in Request 3.2.

**REQUEST NO. 3.3:**

During the entirety of Ms. Cruz's employment with defendant Lansal, Inc., Chris Sineni was an employee of defendant Lansal, Inc.

**RESPONSE:**

Lansal admits that, during Plaintiff's assignment to work at Defendant Lansal, Inc., Chris Sineni was an employee of Lansal. Lansal denies the remaining allegations in Request No. 3.3.

**REQUEST NO. 3.4:**

From March 2008 through September 2008, Chris Sineni was the Operations Manager at Lansal, Inc.

**RESPONSE:**

Lansal admits that Chris Sineni was employed by Defendant Lansal, Inc. from March through September of 2008, as the Operations Manager.

**REQUEST NO. 3.5:**

From March 2008 through September 2008, Ms. Cruz worked on defendant's production floor at defendant Lansal, Inc.'s location in Elk Grove, Illinois.

**RESPONSE:**

Lansal admits that, for the period of time from some time in May 2008 through on or about September 5, 2008, Plaintiff worked in production at Defendant Lansal's location in Elk Grove, Illinois. Lansal denies the remaining allegations in Request 3.5.

4

**REQUEST NO. 3.6:**

From time to time during Ms. Cruz's employment with defendant Lansal, Inc., Operations Manager Sineni called one of Ms. Cruz's female coworkers from the production floor to his private office to engage in sexual relations with her.

**RESPONSE:**

Lansal objects to Request No. 3.6 on the grounds that it is overly broad and is not reasonably calculated to lead to the discovery of admissible evidence in that the information sought has no relevance to the claims brought by Plaintiff in this action, which have nothing to do with Mr. Sineni, and, therefore, Defendants will be seeking a protective order to preclude Plaintiff's multiple discovery requests related to this subject matter. Subject to and without waiver of such objections, Lansal denies that it received any reports that any of Plaintiff's co-workers were called down "from the production floor to [Mr. Sineni's] private office to engage in sexual relations with her."

**REQUEST NO. 3.7:**

From time to time during Ms. Cruz's employment with defendant Lansal, Inc., Operations Manager Sineni engaged in sexual relations with Ms. Cruz's female coworker even though Owner Matt Morse had previously reprimanded Operations Manager Sineni for previously engaging in a sexual relationship with another of defendant Lansal, Inc.'s female employees.

**RESPONSE:**

Lansal objects to Request No. 3.7 on the grounds that it is overly broad and is not reasonably calculated to lead to the discovery of admissible evidence in that it seeks information that has no relevance to the claims brought by Plaintiff in this action, which do not involve Mr. Sineni, and, therefore, Defendants will be seeking a protective order to preclude Plaintiff's multiple discovery requests related to this subject matter. Subject to and without waiver of such objections, Lansal denies that it received any reports that any of Plaintiff's female coworkers at Defendant Lansal, Inc., were allegedly engaging in sexual relations with Mr. Sineni.

5

## REQUEST NO. 3.8:

The female coworker who worked on the production line and who engaged in sexual relations with Operations Manager Sineni filed lawsuit #08-C-05983, Jane Doe v. Lansal, Inc. d/b/a Hot Mama's.

## RESPONSE:

Lansal objects to Request No. 3.8 on the grounds that it is overly broad and is not reasonably calculated to lead to the discovery of admissible evidence in that it seeks information that has no relevance to the claims brought by Plaintiff in this action, which do not even mention Mr. Sineni and the conduct alleged in the *Jane Doe* case could not have occurred during Plaintiff's assignment to Lansal. Lansal further objects to this Request in that it seeks information that is covered by the protective order entered in Case No. 08-5983. Defendants will be seeking a protective order in this matter to preclude Plaintiff's multiple discovery requests related to this subject matter. Subject to and without waiver of such objections, Lansal admits that a lawsuit, Case No. 08-C-05983, captioned *Jane Doe v. Lansal, Inc. d/b/a Hot Mama's* was filed in the United States District Court for the Northern District of Illinois. Lansal denies that it received any report that any of Plaintiff's female coworkers at Defendant Lansal, Inc., were allegedly engaging in sexual relations with Mr. Sineni and denies the remaining allegations in Request No. 3.8.

## REQUEST NO. 3.9:

From time to time during Ms. Cruz's employment with defendant Lansal, Inc., Jane Doe, the plaintiff of lawsuit #08-C-05983, engaged in sexual relations with Operations Manager Chris Sineni while alone with him in his office on defendant Lansal Inc.'s property.

## RESPONSE:

Lansal objects to Request No. 3.9 on the grounds that it is overly broad and is not reasonably calculated to lead to the discovery of admissible evidence in that it seeks information that has no relevance to the claims brought by Plaintiff in this action, in which Plaintiff does not

even mention Mr. Sineni, and the conduct alleged in the *Jane Doe* case could not have occurred during Plaintiff's assignment to Lansal. Therefore, Defendants will be seeking a protective order to preclude Plaintiff's multiple discovery requests related to this subject matter. Moreover, a protective order was entered in Case No. 08C5983, which prohibits the disclosure of certain information, which is sought by this Request.

**REQUEST NO. 3.10:**

Spanish was the primary language of Jane Doe who filed lawsuit #08-C-05983, Jane Doe v. Lansal, Inc. d/b/a Hot Mama's.

**RESPONSE:**

Lansal objects to Request No. 3.10 on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence in that it seeks information that has no relevance to the claims brought by Plaintiff in this action, in which Plaintiff does not even mention Mr. Sineni or Jane Doe, and, therefore, Defendants will be seeking a protective order to preclude Plaintiff's multiple discovery requests related to this subject matter. Moreover, a protective order has been entered in Case No. 08C5983, which prohibits the disclosure of certain information sought by this Request.

**REQUEST NO. 3.11:**

During Ms. Cruz's employment with defendant Lansal, Inc., Liz "Jackey" Rojas was defendant Lansal, Inc.'s Production Manager.

**RESPONSE:**

Lansal admits the statement in Request No. 3.11.

**REQUEST NO. 3.12:**

From time to time during Ms. Cruz's employment with defendant Lansal, Inc., Liz "Jackey" Rojas translated for defendant Lansal, Inc.'s Spanish-speaking employees.

**RESPONSE:**

Lansal admits that Liz "Jackey" Rojas translated for certain of the Spanish-speaking employees who worked at its facility during the period of Plaintiff's assignment to Lansal.

**REQUEST NO. 3.13:**

From time to time during Ms. Cruz's employment with defendant Lansal, Inc., Liz "Jackey" Rojas translated for defendant Lansal, Inc.'s Spanish-speaking employees when those employees complained to defendant Lansal, Inc., of sexual harassment.

**RESPONSE:**

Lansal objects to Request No. 3.13 on the grounds that it is overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of such objections, Lansal denies that any of its employees complained about sexual harassment during the period of time that Plaintiff worked at its facility and, therefore, denies the allegations in Request No. 3.13.

**REQUEST NO. 3.14:**

From time to time during Ms. Cruz's employment with defendant Lansal, Inc., no agent or employee of defendant Lansal, Inc. other than Liz "Jackey" Rojas translated for defendant Lansal, Inc.'s Spanish-speaking employees when those employees complained to defendant Lansal, Inc., of sexual harassment.

**RESPONSE:**

Lansal objects to Request No. 3.14 on the grounds that it is overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of such objections, Lansal denies that any of its employees complained about sexual harassment during the period of time that Plaintiff worked at its facility and, therefore, denies the allegations in Request No. 3.14.

8

**REQUEST NO. 3.15:**

During Ms. Cruz's employment with defendant Lansal, Inc., no agent or employee of defendant Lansal, Inc. was charged with verifying Liz "Jackey" Rojas's translations of Lansal, Inc.'s Spanish-speaking employees's [sic] complaints of sexual harassment.

**RESPONSE:**

Lansal objects to Request No. 3.15 on the grounds that it is overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of such objections, Lansal denies that any of its employees complained about sexual harassment during the period of time that Plaintiff worked at its facility and, therefore, denies the allegations in Request No. 3.14. Lansal also denies that Ms. Rojas was the only management employee who spoke and understood Spanish.

**REQUEST NO. 3.16:**

Ramon Acosta testified in his 6/30/2009 deposition that his job title with defendant Lansal, Inc. was "Floor Supervisor."

**RESPONSE:**

Lansal objects to Request No. 3.16 on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence in that it seeks information that has no relevance to the claims brought by Plaintiff in this action and, therefore, Defendants will be seeking a protective order to preclude Plaintiff's multiple discovery requests related to this subject matter. Moreover, a protective order was entered in Case No. 08C5983, which prohibits the disclosure of certain information.

**REQUEST NO. 3.17:**

During Ms. Cruz's employment with defendant Lansal, Inc., Ramon Acosta regarded his job title with defendant Lansal, Inc. to be "Floor Supervisor."

**RESPONSE:**

Lansal is without knowledge or information sufficient to form a belief as to the truth of the allegations in Request No. 3.17, except that Lansal denies that Acosta was a supervisor with any authority over employees to affect the terms or conditions of their employment, including scheduling work hours, hiring, firing, and/or disciplining.

**REQUEST NO. 3.18:**

During Ms. Cruz's employment with defendant Lansal, Inc., Ramon Acosta understood that he was to supervise defendant Lansal, Inc.'s morning shift.

**RESPONSE:**

Lansal is without knowledge or information sufficient to form a belief as to the truth of the allegations in Request No. 3.18, except that Lansal denies that Acosta was a supervisor with any authority over employees to affect the terms or conditions of their employment, including scheduling work hours, hiring, firing, and/or disciplining.

**REQUEST NO. 3.19:**

Ramon Acosta testified in his 6/30/2009 deposition that defendant Lansal, Inc. never interviewed him after Ms. Cruz complained to Manager Rojas.

**RESPONSE:**

Lansal objects to Request No. 3.19 on the grounds that it seeks information related to the evidence gathered in another case, in which the referenced deposition was taken, Case No. 08C5983, which is covered by a protective order. Moreover, Lansal further objects to this Request in that it is taken out of context and misleading. Therefore, Defendants will be seeking a protective order to preclude Plaintiff's multiple discovery requests related to evidence gathered in that other case.

**REQUEST NO. 3.20:**

Ramon Acosta testified in his 6/30/2009 deposition that Liz "Jackey" Rojas told him that Ms. Cruz had filed a complaint against him and that "it was not true whatever she was saying".

**RESPONSE:**

Lansal objects to Request No. 3.20 on the grounds that it seeks information related to evidence gathered in another case, in which the referenced deposition was taken, Case No. 08C5983, which is subject to a protective order prohibiting the disclosure of certain evidence. Lansal further objects in that the Request takes partial quotes out of context to distort the alleged testimony in that other matter, Case No. 08C5983. Therefore, Defendants will be seeking a protective order to preclude Plaintiff's multiple discovery requests seeking the evidence taken in that other matter.

**REQUEST NO. 3.21:**

Carina (Karina) Guzman complained to Production Manager Rojas that Ramon Acosta had sexually harassed her.

**RESPONSE:**

Lansal objects to Request No. 3.21 on the grounds that it is overly broad and is not reasonably calculated to lead to the discovery of admissible evidence in that it seeks information not relevant to the claims brought by Plaintiff in this lawsuit. Subject to and without waiver of such objections, Lansal admits that one of Primary Staffing's employees who was assigned to work at Lansal, Karina Guzman, raised a concern in August 2007, that she felt she was being given more difficult assignments because she was now part of an assignment rotation and previously she received easier assignments from Ramon Acosta, a Lansal employee, and that Acosta had asked her for her phone number and had touched her hand once. Lansal further admits that it conducted a meeting with Primary Staffing personnel and Ms. Guzman to address her concerns. Lansal denies the remaining allegations in Request No. 3.21.

**REQUEST NO. 3.22:**

As of the filing of this lawsuit, Matt Morse knew that Carina (Karina) Guzman had complained to Production Manager Rojas that Ramon Acosta had sexually harassed her.

**RESPONSE:**

Lansal objects to Request No. 3.22, because it seeks information not relevant to the claims brought by Plaintiff in this lawsuit. Subject to and without waiver of such objection, Lansal admits that Matt Morse was aware that one of Primary Staffing's employees who was assigned to work at Lansal, Karina Guzman, raised a concern in August 2007, that she felt she was being given more difficult assignments because she was now part of an assignment rotation and previously she received easier assignments from Ramon Acosta, a Lansal employee, and that Acosta allegedly had asked her for her phone number and had touched her hand once. Lansal further admits that Matt Morse was aware that Lansal conducted a meeting with Primary Staffing personnel and Ms. Guzman to address her concerns. Lansal denies the remaining allegations in Request No. 3.22.

**REQUEST NO. 3.23:**

As of the filing of this lawsuit, Lisa Dufour knew that Carina (Karina) Guzman had complained to Production Manager Rojas that Ramon Acosta had sexually harassed her.

**RESPONSE:**

Lansal objects to Request No. 3.23, because it seeks information not relevant to the claims brought by Plaintiff in this lawsuit. Subject to and without waiver of such objection, Lansal admits that Lisa Dufour was aware that one of Primary Staffing's employees who was assigned to work at Lansal, Karina Guzman, raised a concern in August 2007, that she felt she was being given more difficult assignments because she was now part of an assignment rotation and previously she received easier assignments from Ramon Acosta, a Lansal employee, and that Acosta allegedly had asked her for her phone number and had touched her hand once. Lansal

further admits that it conducted a meeting with Primary Staffing personnel and Ms. Guzman to address her concerns and Ms. Dufour was in attendance at that meeting. Lansal denies the remaining allegations in Request No. 3.23.

### REQUEST NO. 3.24:

As of the filing of this lawsuit, Ramon Acosta knew that Carina (Karina) Guzman had alleged that he had sexually harassed her.

### RESPONSE:

Lansal objects to Request No. 3.24, because it seeks information not relevant to the claims brought by Plaintiff in this lawsuit. Subject to and without waiver of such objection, Lansal admits that Ramon Acosta was aware that one of Primary Staffing's employees who was assigned to work at Lansal, Karina Guzman, raised a concern in August 2007, that she felt she was being given more difficult assignments because she was now part of an assignment rotation and previously she received easier assignments from Acosta, and that Acosta allegedly had asked her for her phone number and had touched her hand once. Lansal further admits that it conducted a meeting with Primary Staffing personnel and Ms. Guzman to address her concerns and Acosta participated in some portion of that meeting. Lansal denies the remaining allegations in Request No. 3.24.

### REQUEST NO. 3.25:

As of the filing of this lawsuit, Production Manager Rojas knew that Carina (Karina) Guzman had alleged that Ramon Acosta had sexually harassed her.

### RESPONSE:

Lansal objects to Request No. 3.24, because it seeks information not relevant to the claims brought by Plaintiff in this lawsuit. Subject to and without waiver of such objection, Lansal admits that Ms. Rojas was aware that one of Primary Staffing's employees who was assigned to work at Lansal, Karina Guzman, raised a concern in August 2007, that she felt she

was being given more difficult assignments because she was now part of an assignment rotation and previously she received easier assignments from Ramon Acosta, a Lansal employee, and that Acosta allegedly had asked her for her phone number and had touched her hand once. Lansal further admits that it conducted a meeting with Primary Staffing personnel and Ms. Guzman to address her concerns and Ms. Rojas was in attendance at that meeting. Lansal denies the remaining allegations in Request No. 3.25.

### REQUEST NO. 3.26:

As of the filing of this lawsuit, defendant Lansal, Inc. knew that an employee named "Fanny" had alleged that Ramon Acosta had sexually harassed her.

### RESPONSE:

Lansal objects to Request No. 3.26, because it is overly broad and seeks information not relevant to the claims brought by Plaintiff in this lawsuit. Subject to and without waiver of such objection, Lansal admits that it was notified that a Primary Staffing employee named "Fanny" reported to Primary Staffing after ending her assignment at Lansal, that Ramon Acosta had been sexually harassing her, but then Fanny refused to provide any further information to support her allegation. Lansal denies the remaining allegations in Request No. 3.26.

### REQUEST NO. 3.27:

As of the filing of this lawsuit, Matt Morse knew that an employee named "Fanny" had alleged that Ramon Acosta had sexually harassed her.

### RESPONSE:

Lansal objects to Request No. 3.27, because it is overly broad and seeks information not relevant to the claims brought by Plaintiff in this lawsuit. Subject to and without waiver of such objection, Lansal admits that it was notified that a Primary Staffing employee named "Fanny" reported to Primary Staffing after ending her assignment at Lansal, that Ramon Acosta had been

14

sexually harassing her, but then Fanny refused to provide any further information to support her allegation. Lansal denies the remaining allegations in Request No. 3.27.

**REQUEST NO. 3.28:**

As of the filing of this lawsuit, Lisa Dufour knew that an employee named "Fanny" had alleged that Ramon Acosta had sexually harassed her.

**RESPONSE:**

Lansal objects to Request No. 3.28, because it seeks information not relevant to the claims brought by Plaintiff in this lawsuit. Subject to and without waiver of such objection, Lansal admits that it was notified through Lisa Dufour that a Primary Staffing employee named "Fanny" reported to Primary Staffing after ending her assignment at Lansal, that Ramon Acosta had been sexually harassing her, but then Fanny refused to provide any further information to support her allegation. Lansal denies the remaining allegations in Request No. 3.28.

**REQUEST NO. 3.29:**

As of the filing of this lawsuit, Ramon Acosta knew that an employee named "Fanny" had alleged that he had sexually harassed her.

**RESPONSE:**

Lansal objects to Request No. 3.29, because it seeks information not relevant to the claims brought by Plaintiff in this lawsuit. Subject to and without waiver of such objection, Lansal admits that Acosta was aware that a Primary Staffing employee named "Fanny" alleged after ending her assignment at Lansal, that Ramon Acosta had been sexually harassing her, but then Fanny refused to provide any further information to support her allegation. Lansal denies the remaining allegations in Request No. 3.29.

**REQUEST NO. 3.30:**

As of the filing of this lawsuit, Production Manager Rojas knew that an employee named "Fanny" had alleged that Ramon Acosta had sexually harassed her

**RESPONSE:**

Lansal objects to Request No. 3.30, because it seeks information not relevant to the claims brought by Plaintiff in this lawsuit. Subject to and without waiver of such objection, Lansal admits that it was notified through Ms. Rojas that a Primary Staffing employee named "Fanny" reported to Primary Staffing after ending her assignment at Lansal, that Ramon Acosta had been sexually harassing her, but then Fanny refused to provide any further information to support her allegation. Lansal denies the remaining allegations in Request No. 3.26

**REQUEST NO. 3.31:**

As of June 30, 2009, Matt Morse knew that at least two other female employees of defendant Lansal, Inc. other than Ms. Cruz had complained that Ramon Acosta had sexually harassed them.

**RESPONSE:**

Lansal objects to Request No. 3.31 on the grounds that it is overly broad and is not reasonably calculated to lead to the discovery of admissible evidence in that it seeks information not relevant to the claims brought by Plaintiff in this lawsuit. Subject to and without waiver of such objection, Lansal denies that Plaintiff claimed in her original complaint in September 2008 or her EEOC Charge filed in October 2008, that she was sexually harassed by Acosta. Lansal admits that, as of June 30, 2009, Morse was aware that Guzman complained about Acosta. Lansal admits that it was aware that Fanny also had complained about Acosta. Lansal denies that either individual asserted allegations that constituted sexual harassment and, therefore, denies the remaining allegations in Request No. 3.31.

**REQUEST NO. 3.32:**

As of June 30, 2009, Lisa Dufour knew that at least two other female employees of defendant Lansal, Inc. other than Ms. Cruz had complained that Ramon Acosta had sexually harassed them.

**RESPONSE:**

Lansal objects to Request No. 3.32 on the grounds that it is overly broad and not reasonably calculated to lead to the discovery of admissible evidence, because it seeks information not relevant to the claims brought by Plaintiff in this lawsuit. Subject to and without waiver of such objection, Lansal denies that Plaintiff claimed in her original complaint in September 2008 or her EEOC Charge filed in October 2008, that she was sexually harassed by Acosta. Lansal admits that, as of June 30, 2009, Dufour was aware that Guzman and Fanny complained about Acosta. Lansal denies that either individual asserted allegations that constituted sexual harassment and, therefore, denies the remaining allegations in Request No. 3.32.

**REQUEST NO. 3.33:**

As of June 30, 2009, Liz "Jackey" Rojas knew that at least two other female employees of defendant Lansal, Inc. other than Ms. Cruz had complained that Ramon Acosta had sexually harassed them.

**RESPONSE:**

Lansal objects to Request No. 3.33, because it seeks information not relevant to the claims brought by Plaintiff in this lawsuit. Subject to and without waiver of such objection, Lansal denies that Plaintiff claimed in her original complaint in September 2008 or her EEOC Charge filed in October 2008, that she was sexually harassed by Acosta. Lansal admits that, as of June 30, 2009, Rojas was aware that Guzman and Fanny complained about Acosta. Lansal denies that either individual asserted allegations that constituted sexual harassment and, therefore, denies the remaining allegations in Request No. 3.33.

**REQUEST NO. 3.34:**

From time to time since 2005, Ramon Acosta has been alone in his car with defendant's female employees.

17

**RESPONSE:**

Lansal objects to Request No. 3.34 on the grounds that it seeks information that has no relevance to the allegations brought by Plaintiff in this matter and is unclear as to which defendant Plaintiff is referencing by "defendant's female employees." Subject to and without waiver of such objection, Lansal lacks information and knowledge sufficient to form a belief as to the truth of the allegations in Request 3.34, but specifically denies that any of its employees ever reported to Lansal any such allegations.

**REQUEST NO. 3.35:**

From time to time since 2005, Ramon Acosta has been alone at private residences with defendant's female employees.

**RESPONSE:**

Lansal objects to Request No. 3.35 on the grounds that it seeks information that has no relevance to the allegations brought by Plaintiff in this matter and is unclear as to which defendant Plaintiff is referencing with "defendant's female employees." Subject to and without waiver of such objection, Lansal lacks information and knowledge sufficient to form a belief as to the truth of the allegations in Request 3.35, but specifically denies that any of its employees ever reported to Lansal any such allegations.

**REQUEST NO. 3.36:**

From time to time since 2005, Ramon Acosta has been alone in motel rooms with defendant's female employees.

**RESPONSE:**

Lansal objects to Request No. 3.36 on the grounds that it seeks information that has no relevance to the allegations brought by Plaintiff in this matter and is unclear as to which defendant Plaintiff is referencing with "defendant's female employees." Subject to and without waiver of such objection, Lansal lacks information and knowledge sufficient to form a belief as

to the truth of the allegations in Request 3.36, but specifically denies that any of its employees ever reported to Lansal any such allegations.

### REQUEST NO. 3.37:

From time to time since 2005, Ramon Acosta has forced defendant's female employees to have sexual relations with him.

### RESPONSE:

Lansal objects to Request No. 3.37 on the grounds that it seeks information that has no relevance to the allegations brought by Plaintiff in this matter and is unclear as to which defendant Plaintiff is referencing with "defendant's female employees." Subject to and without waiver of such objection, Lansal lacks information and knowledge sufficient to form a belief as to the allegations in Request 3.37, but specifically denies that any of its employees ever reported to Lansal any such allegations.

### REQUEST NO. 3.38:

From time to time since 2005, Ramon Acosta has coerced defendant's female employees to have sexual relations with him.

### RESPONSE:

Lansal objects to Request No. 3.38 on the grounds that it seeks information that has no relevance to the allegations brought by Plaintiff in this matter and is unclear as to which defendant Plaintiff is referencing with the phrase "defendant's female employees." Subject to and without waiver of such objection, Lansal lacks information and knowledge sufficient to form a belief as to the truth of the allegations in Request 3.38, but specifically denies that any of its employees ever reported to Lansal any such allegations.

### REQUEST NO. 3.39:

From time to time since 2005, Ramon Acosta has had sexual relations with one or more of defendant's female employees.

**RESPONSE:**

Lansal objects to Request No. 3.39 on the grounds that it seeks information that has no relevance to the allegations brought by Plaintiff in this matter and is unclear as to which defendant Plaintiff is referencing with the phrase "defendant's female employees." Subject to and without waiver of such objection, Lansal lacks information and knowledge sufficient to form a belief as to the truth of the allegations in Request 3.39, but specifically denies that any of its employees ever reported to Lansal any such allegations.

**REQUEST NO. 3.40:**

From time to time during Pedro Santiyo's employment with defendant Lansal, Inc., Pedro Santiyo complained to defendant Lansal, Inc. of how defendant's female employees were treated at work.

**RESPONSE:**

Lansal objects to Request No. 3.40 on the grounds that it seeks information that has no relevance to the allegations brought by Plaintiff in this matter and is unclear as to which defendant Plaintiff is referencing and what is meant by how "defendant's female employees were treated at work." Subject to and without waiver of such objection, Lansal admits that it previously employed Pedro Santoyo through Defendant Primary Staffing for about four weeks from July 15 to August 15, 2008. Lansal denies the remaining allegations in Request 3.40.

**REQUEST NO. 3.41:**

From time to time during Pedro Santiyo's employment with defendant Lansal, Inc., Pedro Santiyo complained to Production Manager Rojas of how defendant's female employees were treated at work.

**RESPONSE:**

Lansal objects to Request No. 3.41 on the grounds that it seeks information that has no relevance to the allegations brought by Plaintiff in this matter and is unclear as to which defendant Plaintiff is referencing and what is meant by how "defendant's female employees were

treated at work." Subject to and without waiver of such objection, Lansal admits that it previously employed Pedro Santoyo through Defendant Primary Staffing, for about four weeks from July 15 to August 15, 2008. Lansal denies the remaining allegations in Request 3.41.

**REQUEST NO. 3.42:**

After Pedro Santiyo had complained of how defendant's female employees were treated at work, defendant fired Pedro Santiyo.

**RESPONSE:**

Lansal objects to Request No. 3.42 on the grounds that it seeks information that has no relevance to the allegations brought by Plaintiff in this matter and is unclear as to which defendant Plaintiff is referencing and what is meant by how "defendant's female employees were treated at work." Subject to and without waiver of such objection, Lansal admits that it previously employed Pedro Santoyo through Defendant Primary Staffing, from July 15 to August 15, 2008. Lansal admits that Santoyo's assignment ended at Defendant Lansal, Inc. Lansal denies that Santoyo ever complained to Lansal about how its female employees were treated and further denies that Santoyo's employment was terminated by Lansal. Lansal lacks information and knowledge sufficient to form a belief as to the truth of the remaining allegations in Request 3.42.

**REQUEST NO. 3.43:**

After Pedro Santiyo had complained of how defendant's female employees were treated at work, Production Manager Rojas had fired Pedro Santiyo.

**RESPONSE:**

Lansal objects to Request No. 3.43 on the grounds that it seeks information that has no relevance to the allegations brought by Plaintiff in this matter and is unclear as to which defendant Plaintiff is referencing and what is meant by how "defendant's female employees were treated at work." Subject to and without waiver of such objection, Lansal admits that it

21

employed Pedro Santoyo through Defendant Primary Staffing, Inc., from July 15 to August 15, 2008, when his assignment ended due to low production and failure to follow direction. Lansal denies that Pedro Santoyo ever complained to Lansal about how its female employees were treated and further denies that Santoyo' employment was terminated by Lansal. Lansal lacks information and knowledge sufficient to form a belief as to the truth of the remaining allegations in Request 3.43.

### REQUEST NO. 3.44:

From time to time during Martin Pelayo's employment with defendant Lansal, Inc., Martin Pelayo complained to defendant Lansal, Inc. of how defendant's female employees were treated at work.

### RESPONSE:

Lansal objects to Request No. 3.44 on the grounds that it seeks information that has no relevance to the allegations brought by Plaintiff in this matter and is unclear as to which defendant Plaintiff is referencing and what is meant by how "defendant's female employees were treated at work." Subject to and without waiver of such objection, Lansal admits that it previously employed Martin Pelayo through Defendant Primary Staffing, Inc., from approximately May 13 to December 27, 2008. Lansal denies that Pelayo ever complained to Lansal about how its female employees were treated and denies the remaining allegations in Request 3.44.

### REQUEST NO. 3.45:

From time to time during Martin Pelayo's employment with defendant Lansal, Inc., Martin Pelayo complained to Production Manager Rojas of how defendant's female employees were treated at work.

### RESPONSE:

Lansal objects to Request No. 3.45 on the grounds that it seeks information that has no relevance to the allegations brought by Plaintiff in this matter and is unclear as to which

defendant Plaintiff is referencing and what is meant by how "defendant's female employees were treated at work." Subject to and without waiver of such objection, Lansal admits that it previously employed Martin Pelayo through Defendant Primary Staffing, Inc., from approximately May 13 to December 27, 2008. Lansal denies that Martin Pelayo ever complained to Lansal about how its female employees were treated and denies the remaining allegations in Request 3.45.

### REQUEST NO. 3.46:

After Martin Pelayo had complained of how defendant's female employees were treated at work, defendant fired Martin Pelayo.

### RESPONSE:

Lansal objects to Request No. 3.46 on the grounds that it seeks information that has no relevance to the allegations brought by Plaintiff in this matter and is unclear as to which defendant Plaintiff is referencing and what is meant by how "defendant's employees were treated at work." Subject to and without waiver of such objection, Lansal admits that it previously employed Martin Pelayo through Defendant Primary Staffing, Inc. from approximately May 13 to December 27, 2008. Lansal denies that Pelayo ever complained to Lansal about how its female employees were treated and Lansal further denies that it ever fired Pelayo. Lansal denies the remaining allegations in Request 3.46.

### REQUEST NO. 3.47:

As of the filing of this lawsuit, Liz "Jackey" Rojas did not have proper documentation to legally work in the United States.

### RESPONSE:

Lansal objects to Request No. 3.47 on the grounds that it seeks the immigration status of a witness in this case, which has no relevance to the claims brought by Plaintiff and is only being sought to intimidate and harass the witness and Defendants. Numerous courts have prohibited

inquiries into witnesses' immigration status, because such questions are oppressive, place a substantial burden on the parties and the public interest and have a chilling effect on witnesses. *Villareal v. El Chile, Inc.*, 266 F.R.D. 207 (N.D. Ill. 2010); *Benitez v. American Standard Circuits*, 2009 U.S. Dist. LEXIS 109412 (N.D. Ill. 2009); and *EEOC v. Bice of Chicago*, 229 F.R.D. 581 (N.D. Ill. 2005). Based on those arguments, Defendants previously requested that Plaintiff's counsel withdraw this Request and others seeking the same type of information, but he has not. Defendants will seek a protective order to prevent this improper line of questioning of witnesses.

**REQUEST NO. 3.48:**

As of the filing of this lawsuit, Ramon Acosta did not have proper documentation to legally work in the United States.

**RESPONSE:**

Lansal objects to Request No. 3.48 on the grounds that it seeks the immigration status of a witness in this case, which has no relevance to the claims brought by Plaintiff and is only being sought to intimidate and harass the witness and Defendants. Numerous courts have prohibited inquiries into witnesses' immigration status, because such questions are oppressive, place a substantial burden on the parties and the public interest and have a chilling effect on witnesses. *Villareal v. El Chile, Inc.*, 266 F.R.D. 207 (N.D. Ill. 2010); *Benitez v. American Standard Circuits*, 2009 U.S. Dist. LEXIS 109412 (N.D. Ill. 2009); and *EEOC v. Bice of Chicago*, 229 F.R.D. 581 (N.D. Ill. 2005). Based on those arguments, Defendants previously requested that Plaintiff's counsel withdraw this Request and others seeking the same type of information, but he has not. Defendants will seek a protective order to prevent this improper line of questioning of witnesses.

**REQUEST NO. 3.49:**

As of the filing of this lawsuit, defendant Lansal, Inc. was assisting Liz "Jackey" Rojas in obtaining proper documentation to legally work in the United States.

**RESPONSE:**

Lansal objects to Request No. 3.49 on the grounds that it seeks the immigration status of a witness in this case, which has no relevance to the claims brought by Plaintiff and is only being sought to intimidate and harass the witness and Defendants. Numerous courts have prohibited inquiries into witnesses' immigration status, because such questions are oppressive, place a substantial burden on the parties and the public interest and have a chilling effect on witnesses. *Villareal v. El Chile, Inc.*, 266 F.R.D. 207 (N.D. Ill. 2010); *Benitez v. American Standard Circuits*, 2009 U.S. Dist. LEXIS 109412 (N.D. Ill. 2009); and *EEOC v. Bice of Chicago*, 229 F.R.D. 581 (N.D. Ill. 2005). Based on those arguments, Defendants previously requested that Plaintiff's counsel withdraw this Request and others seeking the same type of information, but he has not. Defendants will seek a protective order to prevent this improper line of questioning of witnesses.

**REQUEST NO. 3.50:**

As of the filing of this lawsuit, Lisa (Yerlig) Dufour had not interviewed Ramon Acosta concerning Ms. Cruz's complaint of sexual harassment.

**RESPONSE:**

Lansal denies that Plaintiff ever complained that she was allegedly sexually harassed until she filed her Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC Charge), which contained only barebone allegations and did not even mention Acosta. Lansal admits the remaining allegations in Request No. 3.50.

25

**REQUEST NO. 3.51:**

As of the filing of this lawsuit, defendant Lansal, Inc. had not disciplined Ramon Acosta for Ms. Cruz's allegations of sexual harassment against him.

**RESPONSE:**

Lansal admits that it has disciplined Acosta. Lansal denies that Plaintiff ever complained that she was allegedly sexually harassed until she filed her EEOC Charge, which still did not mention Acosta, and denies the remaining allegations in Request No. 3.51.

**REQUEST NO. 3.52:**

As of the filing of this lawsuit, defendant Lansal, Inc. had not demoted Ramon Acosta for Ms. Cruz's allegations of sexual harassment against him.

**RESPONSE:**

Lansal admits that it demoted Acosta. Lansal denies that Plaintiff ever complained that she was allegedly sexually harassed until she filed her EEOC Charge, which fails to make any mention of Acosta, and denies the remaining allegations in Request No. 3.52.

**REQUEST NO. 3.53:**

As of the filing of this lawsuit, defendant Lansal, Inc. had not placed Ramon Acosta on probation for Ms. Cruz's allegations of sexual harassment against him.

**RESPONSE:**

Lansal denies that Plaintiff ever complained that she was allegedly sexually harassed until she filed her EEOC Charge, which never mentions Acosta. Lansal admits the remaining allegations in Request No. 3.53.

**REQUEST NO. 3.54:**

As of the filing of this lawsuit, defendant Lansal, Inc. had not cut Ramon Acosta's pay for Ms. Cruz's allegations of sexual harassment against him.

**RESPONSE:**

Lansal admits that it cut Acosta's pay. Lansal denies that Plaintiff ever complained that she was allegedly sexually harassed until she filed her EEOC Charge, which never mentioned Acosta. Lansal denies the remaining allegations in Request No. 3.54.

**REQUEST NO. 3.55:**

As of the filing of this lawsuit, defendant Lansal, Inc. had not fired Ramon Acosta for Ms. Cruz's allegations of sexual harassment against him.

**RESPONSE:**

Lansal denies that Plaintiff ever complained that she was allegedly sexually harassed until she filed her EEOC Charge, which never mentions Acosta. Lansal admits the remaining allegations in Request No. 3.55.

**REQUEST NO. 3.56:**

As of the filing of this lawsuit, defendant Lansal, Inc. had not disciplined Ramon Acosta for Ms. Carina (Karina) Guzman's allegations of sexual harassment against him.

**RESPONSE:**

Lansal objects to Request No. 56 on the grounds that it is overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of such objections, Lansal denies that the allegations raised by Ms. Guzman in August of 2007 constituted sexual harassment and, therefore, admits that Acosta was not disciplined based on allegations. Lansal denies the remaining allegations in Request No. 3.56.

**REQUEST NO. 3.57:**

As of the filing of this lawsuit, defendant Lansal, Inc. had not demoted Ramon Acosta for Carina (Karina) Guzman's allegations of sexual harassment against him.

**RESPONSE:**

Lansal objects to Request No. 3.57 on the grounds that it is overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of such objections, Lansal denies that the allegations raised by Ms. Guzman in August of 2007 constituted sexual harassment and, therefore, admit that Acosta was not demoted based on allegations. Lansal denies the remaining allegations in Request No. 3.57.

**REQUEST NO. 3.58:**

As of the filing of this lawsuit, defendant Lansal, Inc. had not placed Ramon Acosta on probation for Carina (Karina) Guzman's allegations of sexual harassment against him.

**RESPONSE:**

Lansal objects to Request No. 3.58 on the grounds that it is overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of such objections, Lansal denies that the allegations raised by Ms. Guzman in August of 2007 constituted sexual harassment and, therefore, admits that Acosta was not placed on probation based on allegations. Lansal denies the remaining allegations in Request No. 3.58.

**REQUEST NO. 3.59:**

As of the filing of this lawsuit, defendant Lansal, Inc. had not cut Ramon Acosta's pay for Carina (Karina) Guzman's allegations of sexual harassment against him.

**RESPONSE:**

Lansal objects to Request No. 3.59 on the grounds that it is overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of such objections, Lansal denies that the allegations raised by Ms. Guzman in August of 2007 constituted sexual harassment and, therefore, admits that Acosta's pay was not cut based on allegations. Lansal denies the remaining allegations in Request No. 3.59.

**REQUEST NO. 3.60:**

As of the filing of this lawsuit, defendant Lansal, Inc. had not fired Ramon Acosta for Carina (Karina) Guzman's allegations of sexual harassment against him.

**RESPONSE:**

Lansal objects to Request No. 3.60 on the grounds that it is overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of such objections, Lansal denies that the allegations raised by Ms. Guzman in August of 2007 constituted sexual harassment and, therefore, Acosta was not fired based on allegations. Lansal denies the remaining allegations in Request No. 3.60.

**REQUEST NO. 3.61:**

As of the filing of this lawsuit, defendant Lansal, Inc. had not disciplined Ramon Acosta for Fanny's allegations of sexual harassment against him.

**RESPONSE:**

Lansal objects to Request No. 3.61 on the grounds that it is overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of such objections, Lansal denies that Fanny provided any support for her allegation that she was sexually harassed by Acosta, therefore, Acosta was not disciplined based on the allegation. Lansal denies the remaining allegations in Request No. 3.61.

**REQUEST NO. 3.62:**

As of the filing of this lawsuit, defendant Lansal, Inc. had not demoted Ramon Acosta for Fanny's allegations of sexual harassment against him.

**RESPONSE:**

Lansal objects to Request No. 3.62 on the grounds that it is overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of such objections, Lansal denies that Fanny provided any support for her allegation that

Acosta sexually harassed her and, therefore, Acosta was not demoted based on that allegation. Lansal denies the remaining allegations in Request No. 3.62.

**REQUEST NO. 3.63:**

As of the filing of this lawsuit, defendant Lansal, Inc. had not placed Ramon Acosta on probation for Fanny's allegations of sexual harassment against him.

**RESPONSE:**

Lansal objects to Request No. 3.63 on the grounds that it is overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of such objections, Lansal denies that Fanny provided any support for her allegation that Acosta sexually harassed her and, therefore, Acosta was not placed on probation based on that allegation. Lansal denies the remaining allegations in Request No. 3.63.

**REQUEST NO. 3.64:**

As of the filing of this lawsuit, defendant Lansal, Inc. had not cut Ramon Acosta's pay for Fanny's allegations of sexual harassment against him.

**RESPONSE:**

Lansal objects to Request No. 3.64 on the grounds that it is overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of such objections, Lansal denies that Fanny provided any support for her allegation of sexual harassment by Acosta and, therefore, Acosta did not have his pay cut based on that allegation. Lansal denies the remaining allegations in Request No. 3.64.

**REQUEST NO. 3.65:**

As of the filing of this lawsuit, defendant Lansal, Inc. had not fired Ramon Acosta for Fanny's allegations of sexual harassment against him.

**RESPONSE:**

Lansal objects to Request No. 3.65 on the grounds that it is overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of such objections, Lansal denies that Fanny provided any support for her allegation that she was sexually harassed by Acosta and, therefore, Acosta was not fired based on that allegation. Lansal denies the remaining allegations in Request No. 3.65.

**REQUEST NO. 3.66:**

As of the filing of this lawsuit, defendant Lansal, Inc. had not disciplined Ramon Acosta for allegations of sexual harassment against him.

**RESPONSE:**

Lansal objects to Request No. 3.66 on the grounds that it is overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of such objections, Lansal admits that Acosta has been disciplined for complaints made against him, but denies that any such complaints asserted against him constituted sexual harassment. Lansal denies the remaining allegations in Request No. 3.66.

**REQUEST NO. 3.67:**

As of the filing of this lawsuit, defendant Lansal, Inc. had not disciplined Liz "Jackey" Rojas for her failure to fully investigate the allegations of sexual harassment against Ramon Acosta.

**RESPONSE:**

Lansal objects to Request No. 3.67 on the grounds that it is overly broad and not reasonably calculated to lead to the discovery of admissible evidence in that it is not seeking information that is relevant to the claims that Plaintiff asserts in this lawsuit. Subject to and without waiver of such objections, Lansal admits that it had not disciplined Rojas, but denies that

Rojas failed "to fully investigate" any allegations against Acosta. Lansal denies the remaining allegations in Request No. 3.67.

**REQUEST NO. 3.68:**

As of the filing of this lawsuit, defendant Lansal, Inc. had not demoted Liz "Jackey" Rojas for her failure to fully investigate the allegations of sexual harassment against Ramon Acosta.

**RESPONSE:**

Lansal objects to Request No. 3.68 on the grounds that it is overly broad and not reasonably calculated to lead to the discovery of admissible evidence in that it is not seeking information that is relevant to the claims that Plaintiff asserts in this lawsuit. Subject to and without waiver of such objections, Lansal admits that it had not demoted Rojas, but denies that Rojas failed "to fully investigate" any allegations against Acosta. Lansal denies the remaining allegations in Request No. 3.68.

**REQUEST NO. 3.69:**

As of the filing of this lawsuit, defendant Lansal, Inc. had not placed Liz "Jackey" Rojas on probation for her failure to fully investigate the allegations of sexual harassment against Ramon Acosta.

**RESPONSE:**

Lansal objects to Request No. 3.69 on the grounds that it is overly broad and not reasonably calculated to lead to the discovery of admissible evidence in that it is not seeking information that is relevant to the claims that Plaintiff asserts in this lawsuit. Subject to and without waiver of such objections, Lansal admits that it did not place Rojas on probation, but denies that Rojas ever failed "to fully investigate" any allegations against Acosta. Lansal denies the remaining allegations in Request No. 3.69.

**REQUEST NO. 3.70:**

As of the filing of this lawsuit, defendant Lansal, Inc. had not cut Liz "Jackey" Rojas's pay for her failure to fully investigate the allegations of sexual harassment against Ramon Acosta.

**RESPONSE:**

Lansal objects to Request No. 3.70 on the grounds that it is overly broad and not reasonably calculated to lead to the discovery of admissible evidence in that it is not seeking information that is relevant to the claims that Plaintiff asserts in this lawsuit. Subject to and without waiver of such objections, Lansal admits that it had not cut the pay of Rojas, but denies that Rojas ever failed "to fully investigate" any allegations against Acosta. Lansal denies the remaining allegations in Request No. 3.70.

**REQUEST NO. 3.71:**

As of the filing of this lawsuit, defendant Lansal, Inc. had not fired Liz "Jackey" Rojas for her failure to fully investigate the allegations of sexual harassment against Ramon Acosta.

**RESPONSE:**

Lansal objects to Request No. 3.71 on the grounds that it is overly broad and not reasonably calculated to lead to the discovery of admissible evidence in that it is not seeking information that is relevant to the claims that Plaintiff asserts in this lawsuit. Subject to and without waiver of such objections, Lansal admits that it did not fire Rojas, but denies that Rojas failed "to fully investigate" any allegation against Acosta. Lansal denies the remaining allegations in Request No. 3.71.

**REQUEST NO. 3.72:**

As of the filing of this lawsuit, defendant Lansal, Inc. had not disciplined Liz "Jackey" Rojas for her retaliation against defendant Lansal, Inc.'s employees who complained of sexual harassment at work.

**RESPONSE:**

Lansal objects to Request No. 3.72 on the grounds that it is overly broad and not reasonably calculated to lead to the discovery of admissible evidence in that it is not seeking information that is relevant to the claims that Plaintiff asserts in this lawsuit. Subject to and without waiver of such objections, Lansal admits that it had not disciplined Rojas, but denies that Rojas engaged in any acts of retaliation against any of Defendants' employees. Lansal denies the remaining allegations in Request No. 3.72.

**REQUEST NO. 3.73:**

As of the filing of this lawsuit, defendant Lansal, Inc. had not demoted Liz "Jackey" Rojas for her retaliation against defendant Lansal, Inc.'s employees who complained of sexual harassment at work.

**RESPONSE:**

Lansal objects to Request No. 3.73 on the grounds that it is overly broad and not reasonably calculated to lead to the discovery of admissible evidence in that it is not seeking information that is relevant to the claims that Plaintiff asserts in this lawsuit. Subject to and without waiver of such objections, Lansal admits that it had not demoted Rojas, but denies that Rojas engaged in any acts of retaliation against any of Defendants' employees. Lansal denies the remaining allegations in Request No. 3.73.

**REQUEST NO. 3.74:**

As of the filing of this lawsuit, defendant Lansal, Inc. had not placed Liz "Jackey" Rojas on probation for her retaliation against defendant Lansal, Inc.'s employees who complained of sexual harassment at work.

**RESPONSE:**

Lansal objects to Request No. 3.74 on the grounds that it is overly broad and not reasonably calculated to lead to the discovery of admissible evidence in that it is not seeking information that is relevant to the claims that Plaintiff asserts in this lawsuit. Subject to and

without waiver of such objections, Lansal admits that it had not placed Rojas on probation, but denies that Ms. Rojas ever engaged in any acts of retaliation against any of Defendants' employees. Lansal denies the remaining allegations in Request No. 3.74.

### REQUEST NO. 3.75:

As of the filing of this lawsuit, defendant Lansal, Inc. had not cut Liz "Jackey" Rojas's pay for her retaliation against defendant Lansal, Inc.'s employees who complained of sexual harassment at work.

### RESPONSE:

Lansal objects to Request No. 3.75 on the grounds that it is overly broad and not reasonably calculated to lead to the discovery of admissible evidence in that it is not seeking information that is relevant to the claims that Plaintiff asserts in this lawsuit. Subject to and without waiver of such objections, Lansal admits that it had not cut the pay of Rojas, but denies that Rojas engaged in any acts of retaliation against any of Defendants' employees. Lansal denies the remaining allegations in Request No. 3.75.

### REQUEST NO. 3.76:

As of the filing of this lawsuit, defendant Lansal, Inc. had not fired Liz "Jackey" Rojas for her retaliation against defendant Lansal, Inc.'s employees who complained of sexual harassment at work.

### RESPONSE:

Lansal objects to Request No. 3.76 on the grounds that it is overly broad and not reasonably calculated to lead to the discovery of admissible evidence in that it is not seeking information that is relevant to the claims that Plaintiff asserts in this lawsuit. Subject to and without waiver of such objections, Lansal admits that it had not fired Rojas, but denies that Rojas engaged in any acts of retaliation against any of Defendants' employees. Lansal denies the remaining allegations in Request No. 3.76.

**REQUEST NO. 3.77:**

If a judge or jury finds that Liz "Jackey" Rojas retaliated against Ms. Cruz, defendant Lansal, Inc. will fire Liz "Jackey" Rojas.

**RESPONSE:**

Lansal objects to Request No. 3.77 because it calls for speculation. Subject to and without waiver of such objection, Lansal denies that Rojas engaged in any acts of retaliation against any of Defendants' employees, but Lansal cannot answer the remaining allegation in the Request, because it no longer employs Rojas.

**REQUEST NO. 3.78:**

If a judge or jury finds that Liz "Jackey" Rojas retaliated against any of defendant's employees, defendant Lansal, Inc. will fire Liz "Jackey" Rojas.

**RESPONSE:**

Lansal objects to Request No. 3.78 because it calls for speculation. Subject to and without waiver of such objection, Lansal denies that Rojas engaged in any acts of retaliation against any of Defendants' employees, but Lansal cannot answer the remaining allegation in the Request, because it no longer employs Rojas.

**REQUEST NO. 3.79:**

If a judge or jury finds that Liz "Jackey" Rojas lied about her handling of any of defendant's employee's complaints, defendant Lansal, Inc. will fire Liz "Jackey" Rojas.

**RESPONSE:**

Lansal objects to Request No. 3.79 because it calls for speculation. Subject to and without waiver of such objection, Lansal denies that Rojas lied about her handling of any complaints, but Lansal cannot answer the remaining allegation in the Request, because it no longer employs Rojas.

**REQUEST NO. 3.80:**

From time to time during his employment with defendant Lansal, Inc., Ramon Acosta has been alone with Ms. Cruz in one of defendant's walk-in freezers.

**RESPONSE:**

Lansal lacks information and knowledge sufficient to form a belief as to the truth of the allegation in Request No. 3.80, except that it denies that the walk-in freezer/cool is an isolated work area, but instead multiple employees work in the freezers and frequently walk in and out throughout the work day.

**REQUEST NO. 3.81:**

No other employees were present during Ms. Cruz's September 2008 conversation with Liz "Jackey" Rojas in which Ms. Cruz informed Manager Rojas that inappropriate touching occurred on defendant's premises,

**RESPONSE:**

Lansal admits the allegation in Request No. 3.81, except that Lansal denies that Rojas was the only person to talk to Plaintiff about the concern that she raised in September 2008 about alleged inappropriate touching involving other employees, not herself.

**REQUEST NO. 3.82:**

Lisa Yerlig (Dufour) was not present during Ms. Cruz's September 2008 conversation with Liz "Jackey" Rojas in which Ms. Cruz informed Manager Rojas that inappropriate touching occurred on defendant's premises.

**RESPONSE:**

Lansal admits the statement in Request No. 3.82, except that Lansal denies that Ms. Rojas was the only person to talk to Plaintiff about the concern that she raised in September 2008 that she overheard that there was allegedly inappropriate touching involving other employees, which did not involve her.

**REQUEST NO. 3.83:**

Manager Rojas met one-on-one with various employees of defendant Lansal Inc.'s about Ms. Cruz's allegations of inappropriate touching that occurred on defendant's premises.

**RESPONSE:**

Lansal admits the statement in Request No. 3.83.

**REQUEST NO. 3.84:**

Owner Matt Morse does not speak Spanish.

**RESPONSE:**

Lansal admits the statement in Request No. 3.84.

**REQUEST NO. 3.85:**

Owner Matt Morse is not fluent in Spanish.

**RESPONSE:**

Lansal admits the statement in Request No. 3.85.

**REQUEST NO. 3.86:**

As of the filing of this lawsuit, defendant Lansal, Inc. knew that many of its employees were individuals who did not have permission to legally work in the United States.

**RESPONSE:**

Lansal objects to Request No. 3.86 on the grounds that it seeks the immigration status of potential witnesses in this case, which has no relevance to the claims brought by Plaintiff and is only being sought to intimidate and harass the witness and Defendants. Numerous courts have prohibited inquiries into witnesses' immigration status, because such questions are oppressive, place a substantial burden on the parties and the public interest and have a chilling effect on witnesses. *Villareal v. El Chile, Inc.*, 266 F.R.D. 207 (N.D. Ill. 2010); *Benitez v. American Standard Circuits*, 2009 U.S. Dist. LEXIS 109412 (N.D. Ill. 2009); and *EEOC v. Bice of Chicago*, 229 F.R.D. 581 (N.D. Ill. 2005). Based on those arguments, Defendants previously

requested that Plaintiff's counsel withdraw this Request and others requesting the same type of information, but he has not. Defendants will seek a protective order to prevent this improper line of questioning of witnesses.

**REQUEST NO. 3.87:**

From March 2008 through the termination of Ms. Cruz's employment, among other times, Ms. Cruz was an "employee" of defendant Primary Staffing, Inc.'s within the definition of §701(f) of Title VII of the Civil Rights Act of 1964 [42 U.S.C. §2000e(f)].

**RESPONSE:**

Lansal denies that it terminated Plaintiff's employment. Lansal is without information and knowledge sufficient to form a belief as to the truth of the remaining allegations in Request No. 3.87.

**REQUEST NO. 3.88:**

From March 2008 through the termination of Ms. Cruz's employment, among other times, defendant Primary Staffing, Inc., was an "employer" within the definition of §701(b) of Title VII of the Civil Rights Act of 1964 [42 U.S.C. §2000e(b)].

**RESPONSE:**

Lansal denies that Lansal terminated Plaintiff's employment at any time. Lansal is without information and knowledge sufficient to form a belief as to the truth of the remaining allegations in Request No. 3.88.

**REQUEST NO. 3.89:**

As of the filing of this lawsuit, one of defendant Primary Staffing, Inc.'s addresses was 215 Remington Boulevard in Bolingbrook, Illinois.

**RESPONSE:**

Lansal is without information and knowledge sufficient to form a belief as to the truth of the allegation in Request No. 3.89.

**REQUEST NO. 3.90:**

As of the filing of this lawsuit, one of defendant Primary Staffing, Inc.'s addresses was 4247 S. Kedzie Avenue in Chicago, Illinois.

**RESPONSE:**

Lansal admits the allegation in Request No. 3.90.

**REQUEST NO. 3.91:**

As of the filing of this lawsuit, Laura Diaz was an owner of Primary Staffing Inc.

**RESPONSE:**

Lansal is without information and knowledge sufficient to form a belief as to the truth of the allegation in Request No. 3.91.

**REQUEST NO. 3.92:**

As of the filing of this lawsuit, Laura Diaz was an owner of Allegiance Staffing Inc.

**RESPONSE:**

Lansal objects to Request No. 3.92 on the grounds that it seeks information that has no relevance to the allegations that Plaintiff asserts in this lawsuit. Subject to and without waiver of such objections, Lansal is without information and knowledge sufficient to form a belief as to the truth of the allegation in Request No. 3.92.

**REQUEST NO. 3.93:**

As of the filing of this lawsuit, one of Allegiance Staffing Inc.'s addresses was 215 Remington Boulevard in Bolingbrook, Illinois.

**RESPONSE:**

Lansal objects to Request No. 3.93 on the grounds that it seeks information that has no relevance to the allegations that Plaintiff asserts in this lawsuit. Subject to and without waiver of such objections, Lansal is without information and knowledge sufficient to form a belief as to the truth of the allegation in Request No. 3.93.

**REQUEST NO. 3.94:**

As of the filing of this lawsuit, one of Allegiance Staffing Inc.' s addresses was 4247 S. Kedzie Avenue in Chicago, Illinois.

**RESPONSE:**

Lansal objects to Request No. 3.94 on the grounds that it seeks information that has no relevance to the allegations that Plaintiff asserts in this lawsuit. Subject to and without waiver of such objections, Lansal is without information and knowledge sufficient to form a belief as to the truth of the allegation in Request No. 3.94.

**REQUEST NO. 3.95:**

Sometime before defendant Primary Staffing, Inc.'s receipt of these Requests for Admissions, defendant Primary Staffing, Inc.'s legal name included the words "Allegiance Staffing".

**RESPONSE:**

Lansal objects to Request No. 3.95 on the grounds that it is vague and seeks information that has no relevance to the allegations that Plaintiff asserts in this lawsuit. Subject to and without waiver of such objections, Lansal is without information and knowledge sufficient to form a belief as to the truth of the allegation in Request No. 3.95.

**REQUEST NO. 3.96:**

Sometime before defendant Primary Staffing, Inc.'s receipt of these Requests for Admissions, Allegiance Staffing Inc.'s legal name included the words "Primary Staffing".

**RESPONSE:**

Lansal objects to Request No. 3.96 on the grounds that it is vague and seeks information that has no relevance to the allegations that Plaintiff asserts in this lawsuit. Subject to and without waiver of such objections, Lansal is without information and knowledge sufficient to form a belief as to the truth of the allegation in Request No. 3.96.

**REQUEST NO. 3.97:**

In the months following the termination of Ms. Cruz's employment, Ms. Laura Diaz owned a Jaguar automobile.

**RESPONSE:**

Lansal objects to Request No. 3.97 on the grounds that it seeks information that has no relevance to the allegations that Plaintiff asserts in this lawsuit. Subject to and without waiver of such objections, Lansal denies that either Defendant terminated Plaintiff's employment. Lansal is without information and knowledge sufficient to form a belief as to the truth of the remaining allegations in Request No. 3.97.

**REQUEST NO. 3.98:**

the [sic] months following the termination of Ms. Cruz's employment, Ms. Laura Diaz knew where Ms. Cruz live.

**RESPONSE:**

Lansal objects to Request No. 3.98 on the grounds that it seeks information that has no relevance to the allegations that Plaintiff asserts in this lawsuit. Subject to and without waiver of such objections, Lansal denies that it terminated Plaintiff's employment and Lansal is without information and knowledge sufficient to form a belief as to the truth of the remaining allegations in Request No. 3.98.

**REQUEST NO. 3.99:**

In the months following the termination of Ms. Cruz's employment, Ms. Laura Diaz drove past Monica Cruz's residence in her Jaguar on more than one occasion.

**RESPONSE:**

Lansal objects to Request No. 3.99 on the grounds that it seeks information that has no relevance to the allegations that Plaintiff asserts in this lawsuit. Subject to and without waiver of such objections, Lansal denies that it terminated Plaintiff's employment and Lansal is without

information and knowledge sufficient to form a belief as to the truth of the remaining allegations

in Request No. 3.99.

**REQUEST NO. 3.100:**

Jovanny Pineda is Ms. Laura Diaz's nephew.

**RESPONSE:**

Lansal is without information and knowledge sufficient to form a belief as to the truth of

the allegation in Request No. 3.100.

**REQUEST NO. 3.101:**

Jovanny Pineda is related to Ms. Laura Diaz.

**RESPONSE:**

Lansal is without information and knowledge sufficient to form a belief as to the truth of

the allegation in Request No. 3.101.

**REQUEST NO. 3.102:**

The "Dan Diaz" referenced in Hot Mama's 10/30/2008 Statement to the EEOC (Exhibit 18 to these Requests for Admissions) is related to Ms. Laura Diaz.

**RESPONSE:**

Lansal admits the statement in Request No. 3.102.

**REQUEST NO. 3.103:**

As of the filing of this lawsuit, defendant Primary Staffing, Inc. had received complaints about Hot Mama's from one or more women that defendant Primary Staffing, Inc. has assigned to work at Hot Mama's, in addition to Ms. Cruz.

**RESPONSE:**

Lansal objects to Request No. 3.103 on the grounds that it is overly broad and not

reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without

waiver of such objections, Lansal admits that Primary Staffing received "complaints" from

43

employees who Primary Staffing had assigned to Defendant Lansal, Inc. and denies the remaining allegations in Request No. 3.103.

**REQUEST NO. 3.104:**

As of the filing of this lawsuit, one or more women, in addition to Ms. Cruz, that defendant Primary Staffing, Inc. had assigned to work at Hot Mama's had told defendant Primary Staffing, Inc. that sexual harassment occurs at Hot Mama's.

**RESPONSE:**

Lansal objects to Request No. 3.104 on the grounds that it is overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of such objections, Lansal admits that Primary Staffing notified Lansal that Fanny claimed that she was sexually harassed by Acosta, but she then refused to provide any information to support such allegation. Lansal denies the remaining allegations in Request No. 3.104.

**REQUEST NO. 3.105:**

As of the filing of this lawsuit, one or more men that defendant Primary Staffing, Inc. had assigned to work at Hot Mama's had told defendant Primary Staffing, Inc. that sexual harassment occurs at Hot Mama's.

**RESPONSE:**

Lansal objects to Request No. 3.105 on the grounds that it is overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of such objections, Lansal denies the allegations in Request No. 3.105.

**REQUEST NO. 3.106:**

As of the filing of this lawsuit, defendant Primary Staffing, Inc. had not interviewed Ramon Acosta in response to Ms. Cruz's complaint of sexual harassment.

**RESPONSE:**

Lansal admits that Plaintiff's complaint that was investigated by Lansal and Primary Staffing involved Plaintiff overhearing others complain and no one corroborated Plaintiff's story. Lansal is without information and knowledge sufficient to form a belief as to the truth of the remaining allegations in Request No. 3.106.

**REQUEST NO. 3.107:**

As of the filing of this lawsuit, defendant Primary Staffing, Inc. had not interviewed Liz "Jackey" Rojas in response to Ms. Cruz's complaint of sexual harassment.

**RESPONSE:**

Lansal denies the allegation in Request No. 3.107.

**REQUEST NO. 3.108:**

As of the filing of this lawsuit, defendant Primary Staffing, Inc. had previously assigned Carina (Karina) Guzman to work at Hot Mama's.

**RESPONSE:**

Lansal admits the statement in Request No. 3.108.

**REQUEST NO. 3.109:**

As of the filing of this lawsuit, defendant Primary Staffing, Inc. had previously assigned Pedro Santiyo to work at Hot Mama's.

**RESPONSE:**

Lansal admits the statement in Request No. 3.109, except that the former employee's name is spelled Santoyo.

**REQUEST NO. 3.110:**

As of the filing of this lawsuit, defendant Primary Staffing, Inc. had previously assigned Martin Pelayo to work at Hot Mama's.

**RESPONSE:**

Lansal admits the statement in Request No. 3.110.

45

**REQUEST NO. 3.111:**

In the six months after Ms. Cruz's employment with Hot Mama's ended, Ms. Cruz received fewer job assignments from defendant Primary Staffing, Inc. than she had in the six months before her assignment to Hot Mama's.

**RESPONSE:**

Lansal is without information and knowledge sufficient to form a belief as to the truth of

the allegation in Request No. 3.111.

**REQUEST NO. 3.112:**

When Jovanny Pineda interviewed Ms. Cruz about the complaint she made at Hot Mama's, no one else was present except Jovanny Pineda and Ms. Cruz.

**RESPONSE:**

Lansal admits the statement in Request No. 3.112.

**REQUEST NO. 3.113:**

When Ms. Cruz's employment with Hot Mama's ended, defendant Primary Staffing, Inc. was providing more than 5 temporary employees to Hot Mama's.

**RESPONSE:**

Lansal admits the statement in Request No. 3.113.

**REQUEST NO. 3.114:**

When Ms. Cruz's employment with Hot Mama's ended, defendant Primary Staffing, Inc. was providing more than 10 temporary employees to Hot Mama's.

**RESPONSE:**

Lansal admits the allegations in Request No. 3.114.

**REQUEST NO. 3.115:**

When Ms. Cruz's employment with Hot Mama's ended, defendant Primary Staffing, Inc. was providing more than 15 temporary employees to Hot Mama's.

**RESPONSE:**

Lansal denies the allegations in Request No. 3.115.

### REQUEST NO. 3.116:

When Ms. Cruz's employment with Hot Mama's ended, defendant Primary Staffing, Inc. was providing more than 20 temporary employees to Hot Mama's.

### RESPONSE:

Lansal denies the allegations in Request No. 3.116.

### REQUEST NO. 3.117:

When Ms. Cruz's employment with Hot Mama's ended, defendant Primary Staffing, Inc. was providing more than 25 temporary employees to Hot Mama's.

### RESPONSE:

Lansal denies the allegations in Request No. 3.117.

### REQUEST NO. 3.118:

As of the filing of this lawsuit, defendant Primary Staffing, Inc. was aware that employees had complained of Ramon Acosta's sexual harassment of them.

### RESPONSE:

Lansal objects to Request No. 3.118 on the grounds that it is overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of such objections, Lansal admits that Primary Staffing was aware that Karina Guzman had complained that Ramon Acosta had been giving her more difficult assignments on the assignment rotation, when she previously had easier assignments and that Fanny had alleged that she was sexually harassed by Acosta, but that she refused to provide any information in support of that allegation. Lansal denies that any of Defendants' employees, including Plaintiff, asserted allegations that constituted sexual harassment against Acosta and denies the remaining allegations in Request No. 3.118.

### REQUEST NO. 3.119:

As of the filing of this lawsuit, defendant Primary Staffing, Inc. was aware that employees had complained of Chris Sineni's sexual harassment of them.

**RESPONSE:**

Lansal is without information and knowledge sufficient to form a belief as to the truth of

the allegation in Request No. 3.119.

Dated: November 4, 2011                    LANSAL, INC.

                                           By: _____
                                               One of Its Attorneys

Jennifer A. Naber (06197465)
Joseph M. Gagliardo
Laner, Muchin, Dombrow, Becker,
  Levin and Tominberg, Ltd.
515 N. State, Suite 2800
Chicago, Illinois 60654
(312) 467-9800
(312) 467-9479 (fax)

## CERTIFICATE OF SERVICE

Jennifer A. Naber, an attorney, hereby certifies that she caused **Lansal, Inc.'s Objections and Responses to Plaintiff's Requests for Admissions** in the above-captioned matter to be served on the party of record listed below, by placing same in the U.S. mail located at 515 North State Street, Suite 2800, Chicago, Illinois 60654, postage prepaid, and via email. on this 4th day of November, 2011, addressed to:

> David L. Lee
> Law Offices of David L. Lee
> 53 West Jackson Boulevard
> Suite 505
> Chicago, IL 60604
> d-lee@davidleelaw.com

Jennifer A. Naber

49